Hillsborough,
No. 4505.

STATE *v.* HENRY C. DUKE.

Argued June 7, 1956.
Decided July 6, 1956.

*Louis C. Wyman,* Attorney General, *Elmer T. Bourque,* Assistant Attorney General, and *Conrad Danais,* county solicitor (*Mr. Bourque* orally), for the State.

*James B. Sullivan; Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the defendant.

BLANDIN, J.   The only question transferred is whether the Court erred in permitting the county solicitor to cross-examine the defendant, who testified voluntarily, concerning his prior criminal offenses for the sole purpose of attacking his credibility.   A long and unbroken line of decisions in this state holds that such inquiries may be permitted within the discretion of the Trial Court.   In *Constantine* v. *Grenier,* 81 N. H. 550, a case of trespass, counsel was permitted, subject to exception, to cross-examine the defendant for the purpose of discrediting him, as to whether he had been convicted of violating the liquor laws.   On appeal the verdict was upheld, and the court, citing *Gutterson* v. *Morse,* 58 N. H. 165, said that the latitude of such questions to discredit was within the sound dis-

cretion of the Trial Judge. *State* v. *Travis,* 82 N. H. 220, involved a charge of operating an automobile under the influence of liquor and the defendant, having elected to testify, was asked in cross-examination about a previous conviction for the same offense. The court held "The inquiry objected to in the present case was competent on the issue of the defendant's integrity." In *State* v. *Grierson,* 96 N. H. 36, a trial upon an indictment for first degree manslaughter, the cross-examiner was allowed to ask the defendant about her drinking and relations with a man not her husband "to discredit her as a witness." *Id.,* 39.

*State* v. *Sturtevant,* 96 N. H. 99, 105 was an appeal from a conviction for driving under the influence of liquor. Counsel cross-examined the defendant as to a previous conviction for the same offense and his right to do so was upheld. The court in upholding the verdict distinguished the case of *Genest* v. *Company,* 75 N. H. 365, relied upon there as in the instant case by the defendant, on the grounds that in the *Genest* case where the defendant did not testify, the opposing party could not discredit him by independent impeaching evidence. Obviously, the decision is not authority for the defendant in the present case. A very recent decision, *State* v. *Mihoy,* 98 N. H. 38, involved an indictment for breaking and entering. The defendant was asked on cross-examination whether he had previously been guilty of armed assault and his exception to the admission of this question was overruled.

We are aware of the arguments for a rule which would limit impeachment in such cases to crimes directly involving lack of veracity. See 89 U. Pa. L. Rev. 166; Am. Law Inst., Model Code of Evidence, Rule 106 (1) (b); *Id.,* 341. It seems to us that such a rule represents too narrow and artificial a view. The object of a trial is not solely to surround an accused with legal safeguards but also to discover the truth. What a person is often determines whether he should be believed. When a defendant voluntarily testifies in a criminal case, he asks the jury to accept his word. No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word. In transactions of everyday life this is probably the first thing that they would wish to know. So it seems to us in a real sense when a defendant goes onto the stand, "he takes his character with him." *United States* v. *Gross,* 103 F. (2d) 11, 13. Lack of trustworthiness may be evinced by his abiding and repeated contempt for laws which he is legally and morally bound to obey, as in the case at bar, though

the violations are not concerned solely with crimes involving "dishonesty and false statement." *Cf.* American Law Institute, *supra*, 341. Such evidence may well have more probative value as bearing on credibility than a conviction of a single felony committed in a moment of weakness or passion, though the admissibility of such convictions is clearly established. See *State* v. *Mihoy*, 98 N. H. 38, 40, 41, and authorities cited; see also, RSA 516:33. If the matters inquired about in cross-examination seem unduly prejudicial, or too trifling or remote in time to have a real bearing on credibility, the Court should refuse to permit their introduction. On the other hand, we believe that rules founded on the fear that the Trial Judge will not use discretion and the jury be devoid of common sense tend to defeat the whole purpose of trial by jury.

In the light of long and reasonably satisfactory experience in this jurisdiction we follow our established rule that when the defendant testifies the latitude allowed in cross-examination as to his past offenses, for the sole purpose of discrediting him, is within the discretion of the Trial Court. In the present case we find no abuse of discretion and the order is

*Exceptions overruled.*

All concurred.