No. 81-449

THE STATE OF NEW HAMPSHIRE

v.

JOHN A. SETTLE, JR.

January 24, 1983

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, and *John A. Settle, Jr.,* pro se, by brief, and *Mr. Duggan* orally, for the defendant.

KING, C.J.   The defendant, John A. Settle, Jr., appeals his convictions of theft by unauthorized taking, RSA 637:3, burglary, RSA 635:1, and conspiracy to receive stolen property, RSA 629:3, RSA 637:7.

This case arose out of the same burglary described in *State v. Chaisson,* 123 N.H. 17, 458 A.2d 95 (1983). The home of G. Jackson Jones of Keene was burglarized on March 27, 1981. The following day, Harold Andrews, a retired coin shop owner who was working with the New Hampshire State Police on an unsolved burglary in the town of Dublin, went to the apartment of Carl J. Chaisson. Andrews had been told that Chaisson had some silver and other items to sell. After meeting with Chaisson, Andrews contacted Corporal O'Brien of the State Police and described the items that he saw in Chaisson's basement. Soon thereafter, O'Brien met with Sergeant Hardy of the Keene Police Department and described the same items to him. After communicating with the victim Jones,

Hardy prepared a search warrant and affidavit, in addition to a warrant for the arrest of Chaisson.

On March 28, 1981, the Keene police executed the search warrant. They recovered many of the items taken from Jones' residence. Chaisson was arrested later that evening. Chaisson made a statement to the police implicating the defendant and Joey Lee Taylor. The following day, Settle was arrested.

Prior to trial, the defendant filed a motion to continue the trial because he had been indicted for burglary and theft by unauthorized taking just five days before the trial began. The Trial Court (*Pappagianis*, J.) denied the defendant's motion. The defendant also filed a motion to quash either the indictment for conspiracy to receive stolen property or the indictment for theft by unauthorized taking on the ground that they were multiplicitous, which the court also denied.

The defendant further moved to quash the indictments for burglary and conspiracy to receive stolen property on the ground that they failed to allege facts necessary to establish all of the elements of the offenses and failed to allege that the defendant acted with the required mental state. The court denied this motion. The defendant filed a motion to suppress the evidence seized from Chaisson's apartment on the ground that the search-warrant affidavit contained intentional misrepresentations. The court also denied this motion.

Prior to trial, the defendant filed a document titled "Notice of Defendant's Appearance *Pro Se* and Defendant's Declaration Regarding Any Waivers," which stated that an attorney would serve as his "co-counsel" and/or provide standby legal services. The court stated that the defendant either could represent himself with the attorney as standby counsel or have the attorney conduct his defense. The defendant agreed to have the attorney conduct his defense.

During the trial, the court announced that it had a policy of refusing to let any witness be impeached by prior criminal convictions. It refused to permit Joey Lee Taylor, who agreed to testify for the State, to be cross-examined about any prior criminal convictions.

At the end of the trial, the defendant asked for a continuance to secure the testimony of an alibi witness who was in the hospital. The court denied the motion, and the defendant rested his case.

The defendant appeals the denial of his motions to quash and his motion to suppress, the court's ruling that he could not act as co-counsel, the court's refusal to permit the State's witness to be cross-examined about prior criminal convictions, and the denial of his motion for a continuance. The defendant also attacks the constitu-

tionality of RSA 637:7, the statute defining the crime of receiving stolen property.

Many of the issues raised by the defendant are identical to those raised in the companion case of *State v. Chaisson*, 123 N.H. 17, 458 A.2d 95 (1983). The defendant's indictments for theft and conspiracy are identical to the indictments for these offenses in *Chaisson*. We held in *Chaisson* that the defendant's indictments for conspiracy to receive stolen property and theft by unauthorized taking were not multiplicitous.

We held that the indictments for burglary and conspiracy sufficiently alleged all of the elements of those offenses and sufficiently alleged that the defendant acted with the required mental state. Because the indictments in this case are identical to the indictments in *Chaisson*, we hold that the indictments for conspiracy and burglary in the present case are also sufficient and that the court properly denied the defendant's motion to quash.

In *Chaisson*, we upheld the court's denial of the defendant's motion to suppress. We held that there was sufficient evidence for the court to find that the affidavit supporting the search warrant did not contain misrepresentations. The same search warrant is involved in the present case. As a consequence, we hold, again, that there was sufficient evidence for the court to find that the search-warrant affidavit contained no misrepresentations, and therefore that suppression of the evidence discovered during the search was not required by *State v. Spero*, 117 N.H. 199, 371 A.2d 1155 (1977).

In *Chaisson*, we also held that RSA 637:7, the receiving-stolen-property statute, was neither unconstitutionally vague nor overbroad. We conclude in this case, as in *Chaisson*, that the statute does not permit the State to convict a defendant without proving beyond a reasonable doubt that he knew the property was stolen or believed that it had probably been stolen.

We reversed the convictions of *Chaisson* and remanded for a new trial because of the court's arbitrary policy of refusing to permit any witness to be cross-examined about prior criminal convictions. We held, in that case, that a court must exercise discretion in deciding whether to permit a defendant to be cross-examined about prior criminal convictions. *State v. Staples*, 120 N.H. 278, 283, 415 A.2d 320, 323 (1980). We stated that the court's blanket policy not to allow such cross-examination was not a substitute for an exercise of discretion. In the present case, we hold that the court's policy constituted reversible error, and we similarly remand for a new trial.

Because the defendant's convictions must be reversed and the case remanded for a new trial, we find it unnecessary to decide whether the trial court erred in denying the defendant's motion to continue because he was indicted for burglary and theft just five days before trial. We also find it unnecessary to determine whether the trial court should have granted a continuance to permit the defendant to take the deposition of an alibi witness who was hospitalized.

The final issue raised by the defendant is whether the trial court denied the defendant any rights guaranteed by part one, article fifteen of the New Hampshire Constitution, or the sixth and fourteenth amendments to the United States Constitution, when it refused to permit him to act as co-counsel. We will address this issue because it may arise during the defendant's new trial.

■ It is well established that a criminal defendant in both federal and State courts has a federal constitutional right to represent himself or, in the alternative, to be represented by counsel. *Faretta v. California*, 422 U.S. 806, 818–19 (1975). Most courts which have addressed the issue have concluded that the sixth and fourteenth amendments to the United States Constitution do not guarantee a defendant the right to act as co-counsel. *See, e.g., United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *Hooks v. State*, 416 A.2d 189, 198 (Del. 1980); *Commonwealth v. Williams*, 410 A.2d 880, 883 (Pa. 1979).

Part one, article fifteen of the New Hampshire Constitution provides in part: "[E]very subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face; and to be fully heard in his defense, *by himself, and counsel*." (Emphasis added.) The defendant argues that the use of the conjunctive indicates that the defendant has a right to act as co-counsel. We have been unable to find any legislative history to indicate the Framers' intent when this article was adopted. There are no cases discussing the meaning of the article. Other courts, interpreting similar constitutional provisions, have concluded that the language was intended to guarantee the right to represent oneself or to be represented by counsel but that it was not intended to guarantee the right to represent oneself and be represented by counsel simultaneously. *See Hooks v. State*, 416 A.2d at 198–99; *State v. Burkhart*, 541 S.W.2d 365, 369 (Tenn. 1976).

■■ We believe that such an interpretation is consistent with the language of article fifteen and hold that this provision does not *guarantee* a defendant the right to act as co-counsel. While we hold that the right to act as co-counsel is not constitutionally guaranteed, a trial court in its discretion may permit a defendant to act as co-

counsel. *Hooks v. State*, 416 A.2d at 199; *State v. Burkhart*, 541 S.W.2d at 370.

*Affirmed in part; reversed in part; remanded.*

All concurred.