Grafton
No. 82-292

THE STATE OF NEW HAMPSHIRE

v.

ROLAND E. HOPPS

July 19, 1983

*Gregory H. Smith,* attorney general (*Paul Barbadoro* and *Donald J. Perrault,* assistant attorneys general, on the brief, and *Mr. Perrault* orally), for the State.

*Bruckner Professional Association,* of Woodsville (*Gregory M. Sorg* on the brief and orally), for the defendant.

BOIS, J.   The defendant, Roland E. Hopps, appeals from a jury verdict finding him guilty of arson. *See* RSA 634:1. His main focus in this appeal concerns the sufficiency of the evidence. We affirm his conviction.

The following evidence was adduced at trial: On August 30, 1981, after having spent three days in Maine, the defendant and his wife returned to their home in Littleton at approximately 2:00 p.m. They remained at home for a brief period and then departed to visit Mrs. Hopps' parents in Lisbon. At approximately 8:30 p.m., a neighbor observed smoke coming from the defendant's house. She telephoned the fire department, and the fire, which was confined to the basement of the house, was extinguished shortly thereafter with only minor damage resulting. After being notified of the fire, the defendant and his wife returned to their home, where they viewed the damage and remained with several firefighters. The last firefighter departed at about 10:40 p.m., leaving the defendant and his wife behind.

At approximately 11:00 p.m., a neighbor, Mrs. Irene Richards, heard two loud explosions and noticed smoke coming from an upstairs bedroom of the defendant's home. The fire department was again notified and returned to extinguish the fire. Unlike the earlier fire, the second fire caused substantial damage to the house.

The defendant's vehicle had been observed outside the house at about 10:50 p.m., and Mrs. Richards had seen the defendant coming out of the house less than ten minutes before the explosions. In addition, the Littleton Police Department had received a telephone call at 10:54 p.m. from the defendant's brother-in-law, Ronald Day, who reported a possible burglary under way at his home, which was approximately six miles from the fire. Upon responding to this call, the police found no sign of any trespasser having been on the premises.

Deputy Fire Marshal Stanley Emery of the State Fire Marshal's Office conducted an investigation of the fires at the defendant's house. He determined that the fires had originated in different parts of the house and had not been causally connected. He also determined that electrical and gas service to the house had been disconnected after the first fire and therefore could not have caused the subsequent fire. He concluded, based upon these facts as well as upon his examination of furniture remnants, burn patterns, air quality, and ignition time, that the second fire had been set and that an accelerant had been used.

This view was consistent with statements by Littleton Fire Chief Richard MacKay, who testified with great certainty that there was no causal connection between the two fires. MacKay further testified that upon inspecting the defendant's house following the first fire, he had observed a five-gallon Texaco gas can with fluid in it, but that upon returning immediately after the second fire, he found the gas can empty and in a different location.

On the night of September 4, 1981, another of the defendant's brothers-in-law, Hector Day, went to the Littleton police station and gave a signed statement that during the week prior to the above-mentioned events, the defendant had solicited him to set fire to the defendant's house. This statement was introduced into evidence at trial without objection. The police officer who was present at the time of the statement testified that although Day had been involved in an argument and had been drinking earlier that evening, he believed that Day had sufficient control of his faculties to understand the nature of his statement. The officer testified, moreover, that Day reviewed and ratified the statement on the following morning. At trial, Day claimed that he did not remember making the statement and denied having been solicited by the defendant to set fire to the house.

The testimony also revealed that the defendant had financial problems and had fallen into arrears on his mortgage payments at the time of the fires. The evidence showed that he had expended approximately $21,000 to purchase and improve his home, and that he had home insurance coverage in the amount of $54,400.

■■ In evaluating the sufficiency of the evidence, we must determine, while viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found guilt beyond a reasonable doubt. See State v. Cobb, 123 N.H. 536, 540, 465 A.2d 1203, 1206 (1983); State v. Cyr, 122 N.H. 1155, 1159, 453 A.2d 1315, 1318 (1982). When the State's case rests upon circumstantial evidence, as it does here, such evidence must exclude all rational conclusions except that the defendant was guilty. State v. Cobb, 123 N.H. at 540, 465 A.2d at 1206; State v. Cyr, 122 N.H. at 1160, 453 A.2d at 1318.

We find that the evidence before us satisfied this standard. The testimony of the State deputy fire marshal established that an accelerant had been used to set the second fire. This was consistent with the testimony of the Littleton fire chief that the five-gallon gasoline can had been moved and emptied after the first fire. The evidence revealed, and a rational trier of fact could have concluded, that the defendant not only had financial motives for setting the fire, but also

had previously requested, without success, that Hector Day take such action. The evidence also revealed that the defendant and his wife remained at the house by themselves after the firefighters had extinguished the first fire and, perhaps most significantly, that an eyewitness had seen the defendant coming out of the house only minutes before the explosions leading to the second fire. Furthermore, the fact that Ronald Day had called the Littleton police to his home at 10:54 p.m., the precise time of the second fire, could have been viewed as an attempt to distract the police while the defendant set the fire and fled the scene.

██ Although the defendant relentlessly attacks the deputy fire marshal's investigation and testimony, the record shows that Mr. Emery was highly qualified and that the defendant agreed at trial to the qualification of Mr. Emery as an expert in arson investigation. The defendant was free to impeach Mr. Emery through cross-examination and to counter his testimony by producing his own expert witness. The evaluation of the deputy fire marshal's credibility was a question for the jury, and we will not usurp its role. *See State v. Thresher*, 122 N.H. 63, 71, 442 A.2d 578, 582 (1982); *State v. Dupuy*, 118 N.H. 848, 853, 395 A.2d 851, 854 (1978). Viewing Mr. Emery's testimony and all the other evidence in the light most favorable to the prosecution, we hold that the only rational conclusion was that the defendant had set the fire.

██ The defendant also argues that the Littleton police acted in bad faith in arresting him and in pursuing this case. Specifically, he claims that the affidavit which the Littleton police chief signed to secure the defendant's arrest contained numerous inaccuracies. We note that the defendant never challenged the validity of the affidavit either prior to or during the trial. In addition, we have viewed the affidavit and the other evidence presented, and we find no indication whatsoever that the police or any other law enforcement authority acted in bad faith.

██ The defendant further contends that numerous aspects of the prosecution's closing argument exceeded the bounds of proper argument. Although the defendant's counsel admits that he failed to object to the allegedly prejudicial statements, he suggests that due to his inability to define the nature of his objections and to recognize the prosecution's allegedly misleading statements, he should be exempt from the rule requiring contemporaneous objections and exceptions. *See State v. Niquette*, 122 N.H. 870, 873-74, 451 A.2d 1292, 1294 (1982); *State v. Glidden*, 122 N.H. 41, 48, 441 A.2d 728, 732 (1982). We are not persuaded by this strained argument. We

hold that the defendant's failure to object constituted a waiver of his present claims regarding the State's closing argument. *See State v. Niquette,* 122 N.H. at 873; 451 A.2d at 1294.

■ As a final matter, we address the defendant's contention that the trial judge committed reversible error in permitting the State to introduce, for impeachment purposes, evidence of the defendant's 1972 burglary conviction. In two decisions issued today, we have reaffirmed the rule allowing impeachment through prior convictions which do not directly involve veracity. *See State v. Cobb,* 123 N.H. at 539, 465 A.2d at 1205; *State v. Robinson,* 123 N.H. 532, 534, 465 A.2d 1201, 1202 (1983). We have indicated in those opinions that under our law the trial judge should determine, in his sound discretion, whether the prejudicial effect of the prior convictions outweighs their probative value. *See id.*

■ Here, the Trial Judge (*Johnson,* J.) held a hearing pursuant to our decision in *State v. Staples,* 120 N.H. 278, 285–86, 415 A.2d 320, 324 (1980), and made rulings on the record regarding each of the defendant's prior convictions. He exercised his discretion by excluding a 1971 conviction for malicious injury, while permitting the State to introduce into evidence the 1972 burglary conviction and, as agreed to by the defendant, a 1978 conviction for theft by unauthorized taking. The burglary conviction carried a felony status and reflected outright contempt for the law. In conjunction with the 1978 conviction, the burglary conviction aided the jury in determining "what sort of person [was] asking them to take his word." *State v. Duke,* 100 N.H. 292, 293, 123 A.2d 745, 746 (1956). For these reasons, we cannot say that the trial judge abused his discretion in allowing the State to introduce this conviction for impeachment purposes.

*Affirmed.*

DOUGLAS, J., dissented in part; the others concurred.

DOUGLAS, J., dissenting in part: I dissent only with regard to the issue of the use of the prior conviction.