Hillsborough
No. 81-463

## THE STATE OF NEW HAMPSHIRE

v.

## MARY A. ROBINSON

July 19, 1983

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

KING, C.J.   The sole issue presented by this appeal is whether the Superior Court (*Goode,* J.) abused its discretion in ruling that four prior criminal convictions of the defendant would be admissible to impeach the defendant's testimony if she testified on her own behalf during her trial for theft by unauthorized taking or transfer, RSA 637:3. We find no abuse of discretion and affirm the defendant's conviction.

The State's case against the defendant rested almost entirely on the testimony of the alleged victim, Dennis Arnold. He testified as follows: On October 25, 1981, he met the defendant, Mary A. Robinson, for the first time at a bar in Nashua. When the defendant commented on the large amount of cash he was carrying, Arnold explained that he had just cashed a large check that morning. The defendant asked for a ride home and then suggested that she spend the night with Arnold. Arnold agreed. Concerned that the defendant knew that he had a large amount of cash, Arnold hid his wallet under the bedroom bureau. The following morning, after the defendant had left his apartment, Arnold noticed that his wallet had been moved, and that the cash had been taken. He reported the theft to the Nashua Police Department.

The defendant was charged with theft of $203 by unauthorized taking or transfer, a misdemeanor, RSA 637:11, III (Supp. 1981), and she pleaded not guilty to the charge. Prior to trial in superior court, the State filed a motion seeking a ruling on whether records of a number of the defendant's prior criminal convictions could be introduced for impeachment purposes. The court ruled that a number of convictions which had been appealed to the superior court and *nol prossed* could not be used to impeach the defendant. It ruled that four other prior criminal convictions were admissible,

however, including a July 1975 conviction for issuing a bad check, a January 1976 conviction for disobeying a police officer, an October 1976 conviction for disorderly conduct, and a September 1980 conviction for resisting arrest.

The defendant elected not to testify at her trial. After a jury trial, she was convicted of the charge and appealed to this court. She argues that the superior court's decision to permit the State to impeach her credibility with these prior criminal convictions was an abuse of discretion because it effectively prevented her from testifying, and because none of the convictions, except for the conviction for issuing a bad check, was related to the defendant's reputation for veracity.

New Hampshire law on the introduction of prior criminal convictions for impeachment purposes is clear. Evidence of prior criminal convictions may be admitted in the discretion of the trial court when the defendant has testified and the State seeks to impeach his credibility. *State v. Staples*, 120 N.H. 278, 283, 415 A.2d 320, 323 (1980); *State v. Cote*, 108 N.H. 290, 294–97, 235 A.2d 111, 115–16 (1967), *cert. denied*, 390 U.S. 1025 (1968).

We find no merit to the defendant's argument that the court's ruling constituted an abuse of discretion because it effectively prevented her from testifying on her own behalf. In *State v. Wayne Kelley*, 120 N.H. 14, 18–19, 413 A.2d 300, 303–04 (1980), addressing a similar argument, we acknowledged that a defendant might elect not to testify if the trial court ruled that prior criminal convictions were admissible at trial. However, we held that the admission of such evidence was proper even if it had the effect of discouraging a defendant from taking the witness stand. Quoting the United States Supreme Court in *Brown v. United States*, 356 U.S. 148, 155–56 (1958), we said:

> "[The defendant] has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of facts and his reliability as a witness, not to testify at all. He cannot reasonably claim that the Fifth Amendment gives him not only this choice but, if he elects to testify, an immunity from cross-examination on the matters he has himself put in dispute."

As we indicated in *State v. Duke*, 100 N.H. 292, 293–94, 123 A.2d 745, 746 (1956), the purpose of permitting impeachment with prior criminal convictions is to permit the trier of fact to evaluate properly the testimony of the defendant. "When a defendant

voluntarily testifies in a criminal case, he asks the jury to accept his word. No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word." *Id.* at 293, 123 A.2d at 746. It would have been particularly important in this case for the jury to be able to evaluate the credibility of the defendant if she had testified. As the defendant concedes, the outcome of the trial depended on whether the trier of fact believed Arnold or believed the defendant. The defendant's credibility would have been an important issue if she had taken the stand. In light of this fact, it was not an abuse of discretion for the court to rule that evidence of the defendant's prior criminal convictions was admissible in order to permit the jury to evaluate her testimony.

Nor does the fact that three of the defendant's prior criminal convictions did not involve lack of veracity show that the court abused its discretion. We pointed out in *State v. Cote,* 108 N.H. at 295–96, 235 A.2d at 115, and *State v. Duke,* 100 N.H. at 293–94, 123 A.2d at 746, that evidence of prior criminal convictions was admissible to impeach the credibility of a defendant even though the crimes did not directly involve a lack of veracity. In *Duke,* we indicated that criminal convictions which did not involve a lack of veracity might reflect an "abiding and repeated contempt for laws," and that "[s]uch evidence may well have more probative value as bearing on credibility than a conviction of a single felony committed in a moment of weakness or passion . . . ." 100 N.H. at 293–94, 123 A.2d at 746. The court could properly have found that the defendant's convictions for disobeying a police officer, disorderly conduct and resisting arrest reflected such a contempt for laws that the trier of fact should have this evidence before it in evaluating the defendant's testimony.

We remind the bar and bench of the procedural and substantive prerequisites for the admission of prior convictions for impeachment purposes. Proof that a prior conviction sought to be used to impeach a witness was either counseled or subject to a valid waiver of counsel is required not only by Superior Court Rule 68 and our decision in *State v. Staples,* 120 N.H. at 286, 415 A.2d at 324, but also by the due process clause of the fourteenth amendment to the United States Constitution. *Loper v. Beto,* 405 U.S. 473, 483 (1972) (plurality opinion); *Gilday v. Scafati,* 428 F.2d 1027, 1029 (1st Cir.), *cert. denied,* 400 U.S. 926 (1970).

In order to protect this fundamental constitutional right, trial judges should make affirmative findings supportable on the record that each specific prior conviction sought to be introduced for

impeachment was counseled or based on a constitutionally proper waiver *and, further*, that the "probative value of a particular conviction outweighs its inherent prejudice." *State v. Staples*, 120 N.H. at 285, 415 A.2d at 324.

Superior Court Rule 68 and *Staples* also require the opposing party or counsel to be given notice and a copy of the conviction in question in advance so that the opposing side may contest the admission of the conviction for impeachment.

*Affirmed.*

Douglas, J., dissented; the others concurred.

Douglas, J., dissenting: I respectfully dissent for the reasons set forth in my dissent in *State v. Wayne Kelley*, 120 N.H. 14, 413 A.2d 300 (1980). I continue to believe that prior convictions should be admissible for impeachment only if they are probative of the witness' veracity and are not so remote in time that their prejudicial effect outweighs their probative value as to truth-telling ability.