Rockingham
No. 82-392

THE STATE OF NEW HAMPSHIRE

v.

CHARLES COBB

July 19, 1983

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief and orally), for the State.

*Casassa, Mulherrin & Ryan*, of Hampton (*H. Alfred Casassa* on the brief and orally), for the defendant.

BOIS, J.   The defendant was convicted by a jury for leaving the scene of an accident. *See* RSA 264:25. On appeal, he challenges the

Trial Court's (*Contas*, J.) rulings concerning the admissibility of his prior convictions and the sufficiency of the evidence. We affirm.

The evidence at trial revealed the following facts. On May 14, 1981, fourteen-year-old Terry Williams and fifteen-year-old Shawn Olivier were riding their bicycles along Route 1 in Rye. Shortly after 8:00 p.m., a large brown Buick with Massachusetts license plates, which was proceeding in a northerly direction along Route 1, struck and injured Williams. The driver of the vehicle failed to stop.

Olivier reported the vehicle's license plate number to the police, who learned through subsequent investigation that the automobile was registered to the defendant's deceased father. Mrs. Gertrude Cobb, the defendant's mother, testified that the defendant was driving the vehicle on May 14, 1981, that he had stopped to visit her that afternoon at her home in Newburyport, Massachusetts, and that he had left Newburyport for New Hampshire some time in the early evening. A police officer who had interviewed Mrs. Cobb after the accident testified that she had told him that the defendant left Newburyport, which was approximately fourteen and one-half miles from the accident scene, between 7:30 and 7:45 p.m. An acquaintance of the defendant testified that he had seen the defendant at a residence in Portsmouth between 8:30 and 9:30 p.m. on the night of the accident, and that he had also observed the defendant's car, a dark brown Buick with Massachusetts plates, parked nearby. In addition to the foregoing testimony regarding the defendant's activities on the date in question, an eyewitness to the accident described the driver as having "bushy hair," which was consistent with the defendant's physical appearance.

On May 15, 1981, the defendant reported to the police that the suspect vehicle had been stolen from a motel in Hampton on the previous day. According to the testimony of the police, the defendant stated that he had last seen the car at 5:00 p.m. on the day of the accident, that someone else had driven it to Hampton earlier that day, and that he was using the car only as a place to store clothes. He further stated that he was in possession of the only set of keys to the car. The police later located the vehicle abandoned in Stratham, 1.3 miles from the Portsmouth residence where the defendant had been seen on the night of the accident. The steering wheel of the vehicle was locked and the ignition switch was undamaged. An analysis conducted by the State Police Forensic Laboratory revealed that the vehicle had in fact been involved in the hit-and-run accident in question.

The defendant was indicted for leaving the scene of an accident. *See* Laws 1977, 460:1 (current version at RSA 264:25). At trial, the State filed notice of its intent to introduce evidence of the defend-

ant's prior convictions for impeachment purposes. The defendant objected to the admission of this evidence, and the trial court held an *in camera* hearing to resolve the issue. The court excluded from evidence the defendant's 1974 conviction for driving while intoxicated. However, it ruled that ten convictions obtained in 1979, and two obtained in 1981, were admissible to impeach the defendant. These convictions included three for driving while intoxicated, two for driving an unregistered vehicle, two for driving an uninsured vehicle, and one each for giving false information to a police officer, failing to stop for a police officer, operating an uninspected vehicle, failing to stop for a red light, and driving after revocation of license. Because the defendant chose not to testify in his defense, the convictions were never introduced at trial.

At the close of the State's case, the defendant filed a motion to dismiss for insufficient evidence. The trial court denied the motion, and the jury later returned a verdict of guilty.

■ In this appeal, the defendant first challenges the general validity of the rule permitting impeachment through prior convictions which do not directly involve veracity. He argues that application of this rule by the trial court discouraged him from testifying and therefore denied him a fair trial. We need not dwell upon this argument because today we have addressed and rejected a similar claim in *State v. Robinson*, 123 N.H. 532, 534, 465 A.2d 1201, 1202 (1983), and we see no reason to depart from the rationale underlying that decision.

The defendant argues alternatively that the trial court abused its discretion in ruling that the State could introduce evidence of his prior convictions for impeachment purposes. *See id.* at 535, 465 A.2d at 1202–03; *State v. Staples*, 120 N.H. 278, 283, 415 A.2d 320, 323 (1980). He claims that the court perfunctorily ruled the evidence admissible and did not balance the probative value of his convictions against their inherent prejudice. *See id.*, 415 A.2d at 323; *State v. Cote*, 108 N.H. 290, 297, 235 A.2d 111, 116 (1967), *cert. denied*, 390 U.S. 1025 (1968). We disagree.

■ The record shows that the trial judge heard arguments by counsel on the admissibility of the prior convictions and was aware of the nature of the convictions and the proper legal standard to be applied in resolving the matter. He specifically found that the probative value of twelve of the convictions outweighed their prejudicial effect. Moreover, the fact that he excluded the 1974 conviction on grounds of remoteness clearly indicates that he did in fact exercise his discretion.

Nor can we say that the court abused its discretion in finding the convictions at issue admissible for impeachment purposes. The admissible convictions were obtained in 1979 and 1981, and their value was therefore enhanced by their proximity to the date of the trial. *See State v. Duke*, 100 N.H. 292, 294, 123 A.2d 745, 746 (1956). Certainly, the convictions for giving false information to a police officer and failing to stop for a police officer, as well as the multiple convictions for driving while intoxicated, showed contempt for the law and, as such, bore directly upon the defendant's credibility. *See State v. Robinson*, 123 N.H. at 532, 535, 465 A.2d at 1203; *State v. Duke*, 100 N.H. at 293–94, 123 A.2d at 746.

■ Although the convictions for driving an unregistered and uninsured vehicle might not normally have great probative value, their value was more significant in this case because the defendant was convicted of each offense on two separate occasions, first in January 1979, and then six months later in July 1979. Thus, the defendant's failure to register and insure his car after being convicted of these offenses in January 1979 revealed an abiding disregard for the law. Likewise, the sheer number of the convictions over such a brief period dispelled any notion that the defendant had made an inadvertent mistake in a moment of weakness or passion. Finally, the prejudicial effect of the convictions was not substantial because none of them involved prior motor vehicle *accidents*, and their admission therefore would not have led the jury to conclude that the defendant was guilty simply because he was a bad driver. *See State v. Cote*, 108 N.H. at 294, 235 A.2d at 114. For these reasons, we conclude that the trial court did not abuse its discretion.

■ The defendant argues lastly that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. In examining this contention, we will view the evidence in the light most favorable to the prosecution. *State v. Cyr*, 122 N.H. 1155, 1159, 453 A.2d 1315, 1318 (1982); *State v. Goupil*, 122 N.H. 857, 859, 451 A.2d 1284, 1286 (1982). We will uphold the jury's verdict unless "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Cyr*, 122 N.H. at 1159–60, 453 A.2d at 1318 (ultimately quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). Furthermore, circumstantial evidence may be deemed sufficient to support a conviction if it excludes all other rational conclusions. *State v. Cyr*, 122 N.H. at 1160, 453 A.2d at 1318; *State v. Danskin*, 122 N.H. 817, 818, 451 A.2d 396, 397 (1982).

■ As discussed above, the evidence in this case revealed that a young bicyclist was hit by an automobile heading northbound on

Route 1 in Rye, at approximately 8:00 p.m. on May 14, 1981. Several individuals witnessed the accident and were able to provide a description of the hit-and-run vehicle, which was later identified as belonging to the defendant's deceased father. Circumstantial evidence showed that the defendant not only was driving the suspect vehicle on the evening of the accident, but also was proceeding in a northerly direction along Route 1 in Rye at the approximate time of the accident. The evidence further indicated that the defendant had misrepresented to the police his whereabouts on that evening and had attempted to establish an alibi by falsely asserting that his car had been stolen. Viewing this circumstantial evidence in the light most favorable to the State, we conclude that it excluded all rational conclusions other than that the defendant was the driver of the hit-and-run vehicle.

*Affirmed.*

DOUGLAS, J., dissented in part; the others concurred.

DOUGLAS, J., dissenting in part: I dissent only with regard to the use of convictions other than the charge of giving false information to a police officer.