Hillsborough
No. 83-122

THE STATE OF NEW HAMPSHIRE

v.

RAELLEN SLIZ

December 29, 1983

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, attorney, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. The defendant, Raellen Sliz, appeals her conviction by a jury in Hillsborough County Superior Court (*Flynn*, J.) of driving while under the influence of intoxicating liquor, second offense. RSA 265:82, I(a) (Supp. 1983). The question presented is whether the evidence introduced at trial was sufficient to prove beyond a reasonable doubt that the defendant was intoxicated. We affirm.

The arresting officer testified that on March 14, 1982, he observed the defendant's car swerving sharply from side to side on the Everett Turnpike. After stopping the defendant driver and approaching the car on foot, the officer discerned that the defendant's eyes were "bloodshot," that her speech was "moderately slurred," and that her breath smelled of alcohol. Upon request of the police officer, the defendant got out of the car and completed three field sobriety tests: finger-to-nose, key-pick-up and walking. At trial, the officer testified that the defendant "swayed" and staggered throughout her performance of the tests. The test results were deemed unsatisfactory by the officer, and he placed the defendant under arrest. The defendant declined to submit to an alcohol breathalyzer test.

The booking officer also testified about the defendant's staggering gait, bloodshot eyes, slurred speech, and breath which smelled of alcohol. On cross-examination, however, the booking officer conceded that he had not completed a written report of his observations, but was instead relying on his own recollections and the report of the arresting officer.

The defendant testified that after completing a thirteen-hour shift as a bartender, and consuming two alcoholic beverages at a local restaurant, she proceeded to drive home. While admitting that her car had swerved on the turnpike, the defendant explained that she

had dropped a cigarette while driving, and that when she attempted to retrieve it, the car had swerved. At trial, the arresting officer confirmed that there was an "extinguished cigarette butt" on the floor of the front passenger side of the defendant's car and that on the driver's side there were "approximately twenty cigarette butts." The defendant also testified that her "red eyes" were the result of the thirteen-hour shift she had worked prior to the incident. Further, she attributed her unsteady performance of the field sobriety tests to her poor balance on high-heel shoes and her exhaustion from work.

On cross-examination, the defendant acknowledged that she lied to the arresting officer about her place of employment, in order to prevent her employer from learning of the incident and terminating her employment.

On appeal, the defendant argues that the State failed to prove beyond a reasonable doubt that she was intoxicated while driving her car. The defendant contends that the observations, both of the arresting officer and of the booking officer, by themselves, are insufficient to sustain the State's burden of proof, when there was testimony that the defendant completed the field sobriety tests and when there was no proof of chemical intoxication. Also, the defendant argues that her testimony provided reasonable explanations for her unsteady performance of the field sobriety tests, the swerving of her car and her physical condition, including bloodshot eyes and breath which smelled of alcohol.

██ ██ To support a conviction for violation of RSA 265:82, I(a) (Supp. 1983), the "State must prove beyond a reasonable doubt that the defendant operated the motor vehicle upon a public way in this State while under the influence of intoxicating liquor." *State v. O'Malley*, 120 N.H. 507, 509, 416 A.2d 1387, 1388 (1980). To support a finding that the defendant motorist was driving while intoxicated, the State may introduce evidence indicating that the driver's performance was "adversely affected by intoxicating liquor." *See State v. Arsenault*, 115 N.H. 109, 111, 336 A.2d 244, 246 (1975).

██ In our examination of the trial court record, we are bound by the established principle that conflicting testimony is for the jury to resolve. *State v. Berry*, 117 N.H. 352, 355, 373 A.2d 355, 357 (1977). In evaluating the sufficiency of the evidence to support a conviction, we will view the evidence in the light most favorable to the prosecution. *State v. Hopps*, 123 N.H. 541, 544, 465 A.2d 1206, 1208 (1983). We must uphold the jury's verdict in this case, unless "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *State v. Cobb*, 123 N.H. 536, 540, 465 A.2d 1203,

1206 (1983) (quoting *State v. Cyr*, 122 N.H. 1155, 1159–60, 453 A.2d 1315, 1318 (1982)).

■ We hold that the testimony at trial, viewed in the light most favorable to the prosecution, would support the verdict, and that a rational jury could have found proof beyond a reasonable doubt that the defendant drove while under the influence of intoxicating liquor.

*Affirmed.*