Merrimack
No. 85-462

# The State of New Hampshire

v.

# Joseph Hickey

December 31, 1986

54

*Stephen E. Merrill*, attorney general (*Barbara R. Keshen*, assistant attorney general, on the brief and orally), for the State.

*Charles A. Donahue*, of Keene, by brief and orally, for the defendant.

BATCHELDER, J. On July 22, 1985, the defendant, Joseph Hickey, was convicted in Superior Court (*Dickson*, J.) on two counts of aggravated felonious sexual assault. RSA 632-A:2. The defendant raises two principal issues on appeal: (1) whether the trial court erred in ruling that an eleven-year-old prior conviction for incest would be admissible under Rule 609(b) of the New Hampshire Rules of Evidence (Rule 609(b)) to impeach the credibility of the defendant if he testified; and (2) whether the trial court erred in admitting evidence of alleged other crimes of the defendant under Rule 404(b) of the New Hampshire Rules of Evidence (Rule 404(b)) to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. We find error on both points, reverse, and remand this case for a new trial.

The State indicted Joseph Hickey on two counts of aggravated felonious sexual assault on his grandson. RSA 632-A:2. Prior to trial, the State notified the defendant of its intent to introduce evidence of the defendant's prior conviction for incest to impeach his credibility if he testified, and moved *in limine* for a ruling on admissibility. *See* SUPER. CT. R. 68; N.H. R. Ev. 609. Defense counsel argued that the court should exclude evidence of the prior conviction under Rule 609(b) because the prejudicial effect of the evidence outweighed its probative value, where the prior conviction was remote in time and of the same nature as the charged offense. The trial judge summarily rejected this argument and, without articulating the factual underpinnings of his decision, concluded that evidence of the prior conviction would be admissible for impeachment purposes under Rule 609(b).

The State based its case primarily on the testimony of the victim and his mental health counselor, Penelope Upton. Testimony indicated that the boy's mother left him in the care of the defendant and his wife for the weekend of November 24, 1984. At approximately 10:15 p.m. on the night of November 24, 1984, the defendant's wife

went to work at a nearby hospital, leaving the victim in the sole care of the defendant. Sometime later that night, the defendant told his grandson, "You can sleep with me tonight." The boy then went into the defendant's bedroom. The defendant followed his grandson into the bedroom and allegedly assaulted the boy sexually.

At trial, the State introduced testimony regarding alleged prior unindicted sexual assaults upon the victim by the defendant. The defendant argued that the court should exclude the testimony regarding prior unindicted offenses, and the trial judge properly recognized that such evidence was not admissible to show the defendant's propensity to commit the charged offense. The State argued, and the court agreed, that the testimony was admissible to prove "all of the elements" of Rule 404(b); i.e., "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Thus, the State was permitted to ask the victim the following series of questions:

"Q. Has your grandfather ever hurt you like that before?

A. Yes.

Q. Was it in the house in Penacook?

A. Yes.

Q. Do you remember how many times he had hurt you before in the house in Penacook?

A. No."

Similarly, over the defendant's objection, the State was permitted to introduce testimony from the victim's mental health counselor regarding the alleged other crimes. Upton testified, "There is no question in my mind that [this boy] has been sexually abused *on many occasions* by his grandfather." (Emphasis added.)

After the jury heard this testimony from Upton, the defendant moved for a mistrial. That motion was denied, but the court agreed that it would be proper to give a limiting instruction. The court instructed the jury that evidence of prior offenses is "not admissible to show a defendant's bad character . . . or propensity to commit the crime" for which he is charged, but only for the "limited purposes" of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The defense objected to this "general litany of the possible uses" of "other crimes" evidence and requested a specific instruction. In response, the State reiterated its position that the evidence was relevant for every purpose outlined in Rule 404(b), and the judge agreed. In the charge to the jury at the close of trial, the judge again made reference to the "general litany" of permissible uses of "other crimes" evidence. The

jury found the defendant guilty, and the defendant brought this appeal.

■■ First, we consider whether the trial court erred in ruling that the defendant's prior conviction for incest was admissible under Rule 609(b). In this State, "evidence of prior convictions is admissible if it will be of assistance in properly evaluating the testimony of the defendant witness and if its probative value exceeds its prejudicial effect." *State v. Vanguilder*, 126 N.H. 326, 330, 493 A.2d 1116, 1120 (1985). The rationale for admitting such evidence was explained in *State v. Duke*, 100 N.H. 292, 123 A.2d 745 (1956):

> "When a defendant voluntarily testifies in a criminal case, he asks the jury to accept his word. No sufficient reason appears why the jury should not be informed what sort of person is asking them to take his word. . . . Lack of trust-worthiness may be evinced by his abiding and repeated contempt for laws which he is legally and morally bound to obey, . . . though the violations are not concerned solely with crimes involving 'dishonesty and false statement.'"

*Id.* at 293–94, 123 A.2d at 746. The need for such evidence, however, must be balanced against the danger that the jury will convict the defendant based on prior bad acts rather than the charged offense. *See, e.g., State v. Cote*, 108 N.H. 290, 294–95, 235 A.2d 111, 114–15 (1967), *cert. denied*, 390 U.S. 1025 (1968).

■ Under recently adopted New Hampshire Rule 609(a), the general approach is similar to our common law approach to the use of prior convictions to impeach the credibility of witnesses. *See* N.H. R. Ev. 609(a) (Reporter's Notes). Rule 609(b), however, departs from our prior common law by imposing a ten-year limitation on the use of prior convictions for impeachment. Rule 609(b) provides, in pertinent part, that:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

The ten-year limitation is the result of a considered judgment that the probative value of evidence of convictions more than ten years old is, in most cases, outweighed by its prejudicial effect. Under

Rule 609(b), which is the same as Federal Rule of Evidence 609(b), "[i]t is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." S. REP. No. 93-1277, 93d Cong., 2d Sess., *reprinted in* 1974 U.S. CODE CONG. & ADMIN. NEWS 7051, 7062.

■ In the case at bar, the State moved *in limine* for a ruling on the admissibility of the defendant's prior conviction for incest although he had been released from the confinement imposed for that conviction eleven years earlier. At the hearing on the motion, the State had the burden to produce evidence upon which the trial court could properly base its determination. *See United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980), *cert. denied*, 450 U.S. 1043 (1981). The State produced only the victim's age and identity along with the defendant's prior criminal record, and although the State argued that the defendant's prior conviction should be admitted for impeachment purposes, the State failed to discuss the impeachment value of the defendant's prior crime. The trial judge recognized that the evidence of the remote conviction was inadmissible unless he determined that "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect," but only stated, "I hereby so find that at this juncture." The defendant argues that this finding was not adequate to support the admission of the defendant's prior conviction under Rule 609(b). We agree.

■ There is a rebuttable presumption that the prejudicial effect of evidence of a conviction over ten years old outweighs its probative value. *Portillo supra.* When determining the admissibility of a remote prior conviction under Rule 609(b), the trial court should explicitly evaluate the specific facts and circumstances of the case in light of this presumption. *Cf.* 3 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE ¶ 609[05], at 609–83 (1985) (discussing FED. R. EVID. 609(a)). Some of the factors which the trial court should consider when making this determination are:

(1) the impeachment value of the prior crime;

(2) the defendant's subsequent history;

(3) the similarity between the prior crime and the charged crime;

(4) the importance of the defendant's testimony; and

(5) the centrality of the credibility testimony.

*Cf. United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025 (1976) (discussing FED. R. EVID. 609(a)). Unless the

court concludes on the record, based on articulated facts and circumstances, that the probative value of the conviction *substantially* outweighs its prejudicial effect, the evidence should be excluded. N.H. R. Ev. 609(b); *see United States v. Acosta*, 763 F.2d 671, 695 (5th Cir.), *cert. denied*, 106 S. Ct. 179 (1985); *Portillo supra; United States v. Mahler*, 579 F.2d 730, 736 (2d Cir.), *cert. denied*, 439 U.S. 991 (1978). *Compare State v. Robinson*, 123 N.H. 532, 535–36, 465 A.2d 1201, 1203 (1983) (under common law rule, court required to affirmatively find on the record that probative value of particular conviction outweighed inherent prejudice).

 In this case, the basis of the trial court's ruling that the defendant's eleven-year-old prior conviction would be admissible for impeachment purposes is unclear because the court made no findings to support it. Additionally, the trial court failed to consider the potential importance of the defendant's testimony and the tremendously prejudicial effect which evidence of a prior conviction for incest would have in a trial where the charged offense was aggravated felonious sexual assault on an underage relative. Although the determination of the admissibility of a prior conviction is within the sound discretion of the trial court, *State v. Staples*, 120 N.H. 278, 283, 415 A.2d 320, 323 (1980), the court must make careful use of that discretion. A rote recitation of Rule 609(b), like that given in this case, does not suffice to support the admission of a remote prior conviction. The trial court erred in ruling the defendant's prior conviction admissible on this record.

 Next, we turn to the defendant's contention that the trial court erred under New Hampshire Rule 404(b) in admitting evidence of the defendant's unindicted other crimes. N.H. R. Ev. 404(b) provides that:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

This rule, known at common law as "the propensity rule," is based on the rationale that the introduction of "other crimes" evidence creates the risk that a jury may convict the accused for crimes other than those charged or, even though uncertain that he is guilty of the charged offense, because he is a bad man who deserves punishment. *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir. 1982).

As noted above, the trial judge in this case determined that the

testimony regarding the defendant's alleged prior assaults was relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and instructed the jury accordingly. The defendant argues that the evidence of the other crimes was not relevant for every purpose for which it was admitted and that the court erred in instructing the jury as to all of the possible uses of "other crimes" evidence listed in Rule 404(b). We agree.

In *State v. Barker*, 117 N.H. 543, 374 A.2d 1179 (1977), we said that before admitting evidence of other crimes:

> "The judge must determine that the evidence is relevant for a purpose other than showing the character or disposition of the defendant, that the proof that the acts in question were committed by the defendant is clear, and that the probative value of the evidence outweighs the danger of prejudice to the defendant."

*Id.* at 546, 374 A.2d at 1180. *Barker* was decided under common law, but the determinations required therein are also required under Rule 404(b).

When considering the admissibility of evidence of other crimes under Rule 404(b), the trial court must consider whether the evidence is offered to prove an issue that is actually in dispute and, if so, how serious that dispute really is. Obviously, if an issue otherwise raised by the defendant's plea of not guilty is removed from dispute by a stipulation, *see* C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5249, at 530 (1978), or by the defendant's adequate admission in open court, *see State v. O'Leary*, 128 N.H. 661, 517 A.2d 1174 (1986), these are factors which are to be considered by the trial court in determining whether the prejudicial effect of the evidence outweighs its probative value. C. WRIGHT & K. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5249, at 530 (1978). Even among matters that are in contention, however, the practical degree of the dispute will vary. The opening statement of defendant's counsel, and the defendant's own testimony, may indicate that certain matters are not seriously contested, even though not formally withdrawn from consideration, and in assessing the probative value of evidence the court should always consider the exact details of the State's burden. For example, in extraordinary circumstances when there is a need to prove that a defendant acted purposely, *see* RSA 626:2, II(a), the court may find, in the proper exercise of discretion, a stronger justification for admitting evidence of prior crimes to prove intent than if the burden is to prove mere reckless-

ness. *Compare United States v. Shackleford,* 738 F.2d 776, 781 (7th Cir. 1984) (evidence of prior crimes inadmissible to prove intent because intent was not in issue), *with State v. Parker,* 127 N.H. 525, 532, 503 A.2d 809, 813 (1985) (prior sexual assault on victim admissible to prove defendant's intent where charged offense was attempted aggravated felonious sexual assault because defendant's state of mind was in issue).

■ In the case before us, the defendant was charged with acting purposely. Because there was no indication that the defendant conceded that issue, and because the State was thus required to prove the highest of the culpable states of mind, we believe that the disputed evidence would have been admissible for that limited purpose alone. It was inadmissible, however, to prove the defendant's identity because no possibility existed that the victim would mistake the identity of his grandfather. The real issue was whether the defendant committed the charged acts. *See* WRIGHT & GRAHAM, *supra* § 5246, at 514–15. The trial court erred in admitting the testimony regarding the defendant's *other* crimes for every purpose listed in Rule 404(b).

■ In any case, instructing the jury that evidence of other crimes was relevant for every purpose listed in Rule 404(b) was error. We have previously provided guidance for the trial courts regarding such limiting instructions. In *State v. Smith,* 125 N.H. 522, 526, 484 A.2d 1091, 1094–95 (1984), we stated that:

> "[I]t is improper to instruct the jury as to *all* possible proper purposes for which evidence of prior acts *may* be admitted, if these purposes are inapplicable to the facts of the case. . . . The trial court, when giving *limiting* instructions, must take care that the instructions do indeed strive to limit the jury's consideration to the *narrow* purpose or purposes for which the evidence is being admitted."

(Citation omitted) (emphasis in original). The purpose for giving such a limiting instruction is to explain the proper purpose or purposes for which the evidence may be used and thereby minimize the danger that the jury will draw impermissible inferences from the evidence of the defendant's other crimes. A limiting instruction which does no more than recite the "general litany" of the uses of "other crimes" evidence listed in Rule 404(b) does little to reduce the risk of prejudice inherent in the use of such evidence.

■ The State contends that the trial court's errors in admitting the evidence of the defendant's other crimes for impermissible pur-

poses were harmless. Although assessing the full impact which the testimony regarding defendant's other crimes may have had on the jury is difficult, we recognize that evidence of other crimes has an inherently prejudicial effect, *cf. State v. Staples*, 120 N.H. at 283, 415 A.2d at 323, and that Upton's expert testimony would carry substantial weight with the jury. *See State v. Campbell*, 127 N.H. 112, 116, 498 A.2d 330, 333 (1985). Furthermore, we must consider the prejudicial effect of the court's errors in admitting the "other crimes" testimony together with the court's error under Rule 609(b). Taken together, we cannot say beyond a reasonable doubt that the court's errors did not affect the jury's verdict. *See State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976). Therefore, we must reverse the verdict below and remand this case for a new trial.

*Reversed and remanded.*

All concurred.