Rockingham
No. 90-171

THE STATE OF NEW HAMPSHIRE

v.

ORLANDO T. TARSITANO

November 6, 1991

*John P. Arnold*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*Jeffrey A. Denner* and *Richard Abbott*, of Newton, Massachusetts, and *Kenneth Gould*, of Londonderry, by brief, and *Mr. Abbott* orally, for the defendant.

THAYER, J. The defendant, Orlando T. Tarsitano, appeals four jury verdicts finding him guilty of four class A felony theft offenses and five class B felony burglary offenses. The defendant challenges these convictions, contending that the Superior Court (*Perkins*, J.) improperly admitted evidence of prior unindicted offenses under New Hampshire Rule of Evidence 404(b). Specifically, the questions presented are whether the trial court erred in finding that there was clear proof that the defendant had committed the prior unindicted offenses and that the probative value of those offenses was not substantially outweighed by their prejudicial effect. We affirm.

The defendant was hired as a part-time police officer in the Newington Police Department in July 1984 and became a full-time officer in September 1984. In March 1986, the defendant left the Newington department to become a police officer in Charlotte, North Carolina.

While the defendant was a police officer in Newington, he often worked evening and overnight shifts. William Schanck also worked the late shifts, sometimes with the defendant.

During 1985 and early 1986, the town of Newington experienced an increase in the number of burglaries of commercial businesses. On March 30, 1986, after an investigation, former Newington police officer William Schanck and his wife, Sharon Schanck, were arrested in connection with several of the Newington burglaries. In July 1987, Sharon Schanck pleaded guilty to charges stemming from the Newington burglaries and agreed to cooperate with the State. In October 1987, William Schanck pleaded guilty to six counts of receiving stolen property and one count of hindering apprehension, all relating to the Newington burglaries. Although cooperation was not a requirement of his plea agreement, Mr. Schanck agreed to cooperate with the State. In December 1987, Mr. and Mrs. Schanck began meeting regularly with Trooper John Pickering of the New Hampshire State Police to provide additional information about the Newington burglaries. Mr. Schanck revealed his involvement in approximately forty-eight separate criminal acts to Trooper Pickering and implicated his wife in eleven of those, his wife's brother, James Ryan, in nineteen, and the defendant in thirty-three. Subsequently, criminal charges were brought and indictments entered against James Ryan and the defendant. A short time before he was to go to trial, James Ryan pleaded guilty and agreed to cooperate with the State.

Shortly before the defendant's trial, the defendant filed a motion *in limine* seeking to exclude any reference at trial to crimes for which he had not been indicted. The defendant argued that such evidence would be inadmissible character evidence in violation of New Hampshire Rule of Evidence 404. After hearing the testimony of Mr. Schanck, Trooper Pickering, and the defendant, the Superior Court (*Perkins*, J.) denied the defendant's motion and specifically ruled that the evidence was relevant and admissible for the purpose of establishing opportunity, plan, and preparation. The court further found clear proof that the defendant committed these acts, and that the probative value of the evidence outweighed the danger of prejudice to the defendant.

After a trial, the jury found the defendant guilty of nine felonies: four class A theft and theft-related offenses and five class B burglary and burglary-related offenses. The jury acquitted the defendant of one charge of class A theft and one charge of class B burglary.

On appeal, the only issue is whether the trial court abused its discretion in admitting at trial evidence of the defendant's participation in other criminal acts for which he was not indicted. The defendant contends that, by admitting this evidence, the trial court erred in two respects: (1) there was no clear proof that the defendant committed these acts, and (2) the probative value of the acts did not outweigh the prejudicial effect to the defendant of admitting evidence of them in court. The State contends that the trial court made no error in admitting the testimony relating to the unindicted acts.

Evidence of prior offenses or bad acts is admissible under Rule 404(b) of the New Hampshire Rules of Evidence. The rule provides:

"(b) Other Crimes, Wrongs, or Acts.—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

N.H. R. Ev. 404(b). Prior to the adoption of Rule 404(b), this court had established a three-pronged test to determine the admissibility of prior offenses. *See State v. Barker*, 117 N.H. 543, 546, 374 A.2d 1179, 1180 (1977). In *Barker*, we held that the admission of prior offense evidence is conditioned upon a determination that "the evidence is relevant for a purpose other than showing the character or disposition of the defendant, that the proof that the acts in question were committed by the defendant is clear, and that the *probative value of the evidence outweighs the danger of prejudice to the defendant.*" *Id.* (emphasis added). In *State v. Hickey*, 129 N.H. 53, 60, 523 A.2d 60, 65 (1986), we determined that the three-pronged analysis of *Barker* is also required under Rule 404(b). However, we subsequently modified the third prong of the *Barker* analysis to conform to Rule 403 of the New Hampshire Rules of Evidence. *See State v. Trainor*, 130 N.H. 371, 375, 540 A.2d 1236, 1239 (1988) (requiring Rule 403 analysis for *Barker* determination). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." N.H. R. Ev. 403. As we have recently stated, under the appropriate three-pronged analysis, as modified in *Trainor*, the decision whether to admit evidence under Rule 404(b) "'lies within the sound discretion of the trial court upon a determination that the evidence is rele-

vant for a purpose other than character or disposition, that there is clear proof that the defendant committed the prior offenses,' . . . and that the *prejudice to the defendant does not substantially outweigh the probative value of the evidence* . . . ." *State v. Gruber*, 132 N.H. 83, 88, 562 A.2d 156, 159 (1989) (quoting *Trainor*, 130 N.H. at 374, 540 A.2d at 1238 (citations omitted)) (emphasis added).

The defendant does not dispute that the first prong of the test is met. Therefore, we proceed with the understanding that the trial court correctly found that the proffered evidence of the defendant's commission of prior criminal acts was relevant for the purpose of establishing opportunity, plan, and preparation. The defendant, however, asserts that neither the second nor the third prong is met.

The defendant argues that the failure of the State to produce evidence that the defendant reaped a monetary gain or retained stolen property from the prior criminal acts should preclude a finding of "clear proof" that he committed the offenses. Additionally, the defendant contends that there is no "clear proof" that he committed prior criminal acts because the only evidence that he committed those acts came from the testimony of three witnesses, Mr. Schanck, Mrs. Schanck, and James Ryan, who testified, according to the defendant's argument, in return for favorable treatment from the State. We disagree with the defendant's arguments.

At the hearing on the motion *in limine*, the trial court heard extensive testimony from both Mr. Schanck and Trooper Pickering which supported a finding of clear proof. At the hearing, Mr. Schanck testified to the way in which he and the defendant first became involved in burglarizing Newington businesses. Mr. Schanck described numerous burglaries in which both he and the defendant were involved. He described how they committed burglaries while either one or both were on duty, so that they could be aware of Newington police activities and thereby avoid detection. Trooper Pickering testified at the hearing that the two Newington officers who were most often on duty when burglaries occurred were Mr. Schanck and the defendant. Trooper Pickering described two unsuccessful periods of surveillance in Newington designed to catch the burglars. At the hearing, Mr. Schanck testified that both he and the defendant participated in part of the surveillance and, when not participating, knew when the surveillance was being conducted. Further, Mr. Schanck confirmed that both he and the defendant planned their burglaries to avoid the periods of surveillance.

 Further, the defendant's contention that there was no clear proof that he committed prior criminal acts because all the witnesses

who testified to those acts received favorable treatment from the State is without merit. Although Mr. Schanck agreed to cooperate with the State, cooperation was not a requirement of his plea agreement. Moreover, the trial court based its initial determination of clear proof only on the testimony of Mr. Schanck and Trooper Pickering; neither Mrs. Schanck nor James Ryan testified at the pretrial hearing.

At trial, before permitting Mr. Schanck to testify about prior unindicted offenses involving the defendant, the trial court reconsidered its earlier denial of the defendant's motion to preclude that evidence. At a bench conference, the court heard arguments from both counsel and then reaffirmed its earlier ruling. It is difficult to imagine a more careful consideration of the evidence. Both Mrs. Schanck and James Ryan testified after Mr. Schanck testified. Their testimony merely corroborated Mr. Schanck's earlier testimony and was unnecessary to the trial court's determination of clear proof. Accordingly, we find that the trial court acted within its discretion in finding clear proof that the defendant committed the prior criminal acts.

■ Lastly, the defendant argues that the evidence of prior offenses was erroneously admitted because its probative value did not outweigh its prejudicial effect. Defendant misstates the test; as we stated earlier, the trial judge must find only that "the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Gruber*, 132 N.H. at 88, 562 A.2d at 159. We have indicated that, "[w]hen considering the admissibility of evidence of other crimes under Rule 404(b), the trial court must consider whether the evidence is offered to prove an issue that is actually in dispute and, if so, how serious the dispute really is." *Id.* at 89, 562 A.2d at 160 (quoting *State v. Hickey*, 129 N.H. 53, 60, 523 A.2d 60, 65 (1986)). Whether an issue is in dispute is particularly pertinent to a determination of the balance between the probative value of evidence and its prejudicial effect. *See State v. Gruber*, 132 N.H. at 89, 562 A.2d at 160. Here, the defendant denied ever participating in any of the Newington burglaries. Thus, the participation, and ability of the defendant to participate, in the crimes which Mr. Schanck admitted committing was clearly in issue. Moreover, the trial court found that the prior criminal acts were relevant for the purpose of establishing opportunity, plan, and preparation, a finding not disputed by the defendant.

■ "The trial court is accorded considerable deference in its determination of whether the prejudice substantially outweighs the

probative value." *Id.* at 90, 562 A.2d at 160. To show that the trial court abused its discretion, the defendant must demonstrate that the ruling of the trial court was plainly untenable or unreasonably prejudicial to the defendant's case. *See id.* at 90, 562 A.2d at 160.

■ Here, the prior criminal acts, testified to by Mr. Schanck, were closely related in time and subject matter to the offenses for which the defendant was indicted. The testimony about the prior criminal acts tended to establish that the offenses with which the defendant was charged were part of a larger plan of systematic crimes and that the defendant, because of his position as a police officer, possessed the opportunity and knowledge necessary to carry out burglaries in Newington while avoiding police detection. The defendant also asserts that the evidence of prior criminal acts admitted in evidence was unfairly cumulative. To the contrary, it was, in part, the cumulative nature of this evidence that made it probative; and the fact that the jury acquitted the defendant on some of the charges suggests that the cumulative nature of the charges was not unfairly prejudicial. Therefore, because of the highly relevant nature of the prior criminal acts and the lack of unfair prejudice to the defendant, we hold that the trial court acted within the bounds of its discretion in finding evidence of those prior acts admissible.

For the reasons stated, we affirm the defendant's convictions.

*Affirmed.*

All concurred.