Strafford
No. 93-179

THE STATE OF NEW HAMPSHIRE

v.

THOMAS HAYES

April 5, 1994

*Jeffrey R. Howard*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J.   The State appeals the Superior Court's (*Coffey*, J.) order granting the defendant's motion to suppress evidence. The motion was granted on the basis that a previous order of the Superior Court (*Hampsey*, J.), granting the defendant's motion to sup-

press, was the law of the case. In the earlier order, the court had ruled that the defendant was unlawfully seized when the police officer pursuing him activated the blue emergency lights on his cruiser when no reasonable suspicion for making the stop then existed. The State argues that the trial court erred, and the defendant, while arguing that the trial court ruled correctly, contends that the State's appeal is untimely. We reverse and remand.

The defendant's motion to suppress was granted on October 27, 1992, two days before his trial on a charge of driving while intoxicated, subsequent offense (DWI) was to begin. The State immediately moved for a continuance to pursue an appeal, which motion was denied on October 28. The next day the State, in order to preserve its appellate rights, *nol prossed* the DWI charge and subsequently filed an information to reinstate it. In the reinstated case, the court, on a new motion to suppress, ruled that the earlier suppression order was the law of the case. From this order the State appeals.

■ With respect to the defendant's argument that the appeal is untimely, he claims that the original suppression order was the decision on the merits and that the State's failure to appeal within thirty days of that order should bar this appeal. *See* SUP. CT. R. 3, 7. Assuming, without deciding, that Rules 3 and 7 operate as the defendant argues, we allow the State's appeal pursuant to our authority under Supreme Court Rule 1 to suspend the requirements of our rules for good cause. The cause here was the trial court's refusal, after granting the motion to suppress on the day before the start of trial, to grant the State the reasonable continuance necessary to pursue an appeal. *See* RSA 606:10, IV (1986) (State must appeal prior to jeopardy attaching); RSA 606:10, V (1986) (State appeal must first be approved by attorney general); RSA 606:10, VI (1986) (State appeals statute liberally construed to insure State's ability to prosecute with all evidence to which it is legally entitled).

■ We need not decide the substantive question as framed by the parties; namely, whether under part I, article 19 of the New Hampshire Constitution the defendant was seized when the police officer signalled for him to stop. Even if, as the defendant argues, the officer's activation of emergency lights constituted a seizure, the police officer was constitutionally justified in the action taken at that time. He had personally observed the defendant yelling and gesturing in a parking lot, was told by an eyewitness that the defendant had kicked over a parking sign, and saw that the sign was in fact on the ground.

When, after the defendant drove away, the officer decided to stop him and activated the blue lights on his cruiser, the officer had at least reasonable grounds to suspect the defendant of having committed the offense of disorderly conduct. *See* RSA 644:2 (1986).

*Reversed and remanded.*

All concurred.