Hillsborough-southern judicial district
No. 2000-091

### THE STATE OF NEW HAMPSHIRE

v.

### SHERRY A. DUKETTE

August 28, 2000

*Philip T. McLaughlin*, attorney general (*Janice K. Rundles*, assistant attorney general, & a. on the brief, and *Ms. Rundles* orally), for the State.

*Risa Evans*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

NADEAU, J. The defendant, Sherry Dukette, is charged with first degree murder for the stabbing of her boyfriend. She has filed a notice of self-defense. We granted the State a stay of the defendant's jury trial in Superior Court (*Brennan*, J.) to file this interlocutory appeal pursuant to RSA 606:10 (1986). On appeal, the State challenges the trial court's decision (1) to allow the defendant to introduce specific instances of the alleged victim's aggressive conduct toward her pursuant to New Hampshire Rules of Evidence 404(a)(2) and 405, and (2) to deny the State's request to rebut the defendant's self-defense claim with evidence of the defendant's specific instances of aggressive conduct toward the alleged victim pursuant to New Hampshire Rule of Evidence 404(b). We affirm in part, reverse in part, and remand.

I

The State first challenges the trial court's ruling allowing the defendant to introduce specific instances of the alleged victim's aggressive conduct toward her. On September 10, 1999, the State filed a motion *in limine* to exclude evidence of the alleged victim's character, prior violent conduct toward the defendant, and mental state. On December 3, 1999, the trial court denied the State's motion, ruling that reputation or opinion testimony regarding the alleged victim's violent nature was admissible pursuant to Rules 404(a)(2) and 405(a). The trial court further ruled that evidence of the alleged victim's prior violent acts against the defendant and of the alleged victim's head injury and mental illness was admissible to prove the defendant's state of mind pursuant to Rule 404(b). The specific violent acts at issue are three incidents that took place in 1996 and 1997.

On February 18, 2000, four days after the start of jury selection, the State verbally moved for reconsideration of the trial court's December 3, 1999, order. The trial court denied the State's motion and denied the State's oral motion for interlocutory appeal. This appeal followed.

Before reaching the merits of the State's argument, we consider the defendant's argument that the State's appeal of this issue is untimely. The defendant argues that the State's February 18, 2000, notice of appeal, filed seventy-two days after the clerk's notice for the December 3, 1999, order, violates New Hampshire Supreme Court Rule 7, which requires that a notice of appeal be filed within thirty days of the clerk's notice of decision on the merits.

■ RSA 606:10, which governs appeals by the State, does not provide a time limit for filing appeals, but paragraph VII states that the supreme court may adopt rules to implement the statute. Although the Supreme Court Rules do not specify a time limit for the filing of appeals by the State, they provide time limits for the filing of appeals generally. *See* SUP. CT. R. 7-9. Because the policy behind time limits for appeals filed under our rules would similarly apply to RSA 606:10 appeals, we hold that appeals filed by the State pursuant to RSA 606:10 are subject to the same timeliness requirements that govern all supreme court appeals under Supreme Court Rules 7-9.

■ The State's interlocutory appeal under RSA 606:10, therefore, must be filed within thirty days from the date on the clerk's written notice of the decision being appealed from, *cf.* SUP. CT. R. 7(1), and before the defendant is placed in jeopardy, *see* RSA 606:10, IV. We apply Rule 7 rather than Rule 8, which governs interlocutory appeals, because the event triggering the running of the filing period for a Rule 8 appeal is the trial court's written notice to the parties that it has signed the interlocutory appeal statement. *See* SUP. CT. R. 8(3). This event does not occur in the instance of an appeal under RSA 606:10. Thus, the State's appeal of the trial court's December 3, 1999, order is untimely because the State neither filed an appeal within thirty days nor stayed the running of the appeal period by filing a timely motion for reconsideration. *See* SUP. CT. R. 7(1).

That the trial court ruled from the bench on the State's motion for reconsideration seventy-two days after the trial court's order issued does not constitute a waiver of the ten-day filing requirement for motions for reconsideration. *See* SUPER. CT. R. 59-A. Under Supreme Court Rule 7(1), the lower court will be deemed to have waived the timeliness requirement of a post-trial motion only if the motion is filed within the appeal period. In this case it clearly was not. *See* SUP. CT. R. 7(1). Also, the trial court specifically rested its denial, in part, on the motion's untimeliness. *See Germain v. Germain*, 137 N.H. 82, 85, 623 A.2d 760, 761-62 (1993).

■ Finally, we fail to find "good cause" to justify our suspension of the timeliness requirement for appeals in this case. *See* SUP. CT. R. 1; *State v. Hayes*, 138 N.H. 410, 411, 640 A.2d 288, 289 (1994). In explaining the untimeliness of its motion for reconsideration, the State indicated that it had made an "erroneous concession" in its original argument that had only recently been discovered upon consultation with a colleague. A party's error does not constitute "good cause" to suspend the requirements of our rules. *Cf. Germain*, 137 N.H at 85, 623 A.2d at 762.

## II

Next, the State challenges the trial court's decision denying its request to rebut the defendant's self-defense claim with evidence of the defendant's specific instances of aggressive conduct toward the alleged victim. On January 14, 2000, the State filed a notice that it intended to rebut the defendant's self-defense claim by introducing evidence that the defendant had previously assaulted the alleged victim in 1996 and 1997. In response, the defendant filed a motion to exclude evidence of prior assaults by the defendant upon the alleged victim, which the trial court granted on February 16, 2000. We granted a request to seal all documents referring to the details of the defendant's alleged assaults.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

N.H. R. EV. 404(b). Under Rule 404(b), evidence of other bad acts is inadmissible unless it is "relevant for a purpose other than to prove the defendant's character or disposition, there is clear proof the defendant committed the other acts, and the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Glodgett*, 144 N.H. 687, 690, 749 A.2d 283, 286 (2000) (quotation and ellipses omitted). We will uphold a trial court's decision to exclude such evidence absent an abuse of discretion. *See State v. Alexander*, 143 N.H. 216, 221, 723 A.2d 22, 25 (1998).

## A

The State argues that the trial court erred because evidence of the defendant's prior conduct is relevant to prove, among other

things, her state of mind at the time of the stabbing. Specifically, the State contends that if, as the trial court ruled, the *alleged victim's* prior violent conduct is admissible to prove the defendant's state of mind with respect to her self-defense claim, then evidence that the defendant committed unprovoked assaults against the alleged victim, without any retaliation from him, is also probative of the defendant's state of mind with respect to her self-defense claim. The State also argues that because the defendant's and alleged victim's bad acts occurred in 1996 and 1997, the trial court's ruling that the defendant's bad acts were too remote in time is inconsistent with its prior ruling admitting the alleged victim's bad acts.

■ To be relevant to state of mind, the prior bad acts must first "tend to prove or disprove an issue actually in dispute." *State v. Lesnick*, 141 N.H. 121, 125, 677 A.2d 686, 690 (1996) (quotation omitted). By filing a notice of self-defense, the defendant has placed her state of mind at issue. *See State v. Richardson*, 138 N.H. 162, 167, 635 A.2d 1361, 1364 (1993). Specifically, in support of her self-defense claim the defendant argues that although she stabbed the alleged victim, she reasonably believed such force was necessary to defend herself from the alleged victim's use of force against her. *See* RSA 627:4, II(a) (1996).

Next, to ensure that the relevant link between the prior bad acts and the charged conduct is not merely the defendant's propensity to act violently toward the alleged victim, there must exist a sufficient logical connection between the prior acts and the defendant's state of mind at the time of the charged conduct. *See State v. Bassett*, 139 N.H. 493, 500, 659 A.2d 891, 897 (1995).

We conclude that there is a sufficient logical connection between the defendant's prior assaults against alleged victim and her state of mind when she committed the stabbing. First, at least one of the prior assaults and the charged conduct "involved the same victim and a similar weapon, and each occurred in like circumstances — following a confrontation between the defendant and her [significant other]." *Lesnick*, 141 N.H. at 126, 677 A.2d at 690.

Second, the prior bad acts were not so removed in time as to render them irrelevant. *See State v. Allen*, 128 N.H. 390, 397, 514 A.2d 1263, 1268 (1986) (finding a sufficient temporal connection between a prior bad act that occurred three and a half years prior to the charged conduct).

Finally, under the facts of this case, evidence that the defendant previously committed unprovoked assaults upon the alleged victim to which the alleged victim did not respond violently undermines the

defendant's argument that she reasonably believed the alleged victim was about to use unlawful, deadly force against her. *See* RSA 627:4, II(a). While the defendant's prior unprovoked and unresponded to assaults might be less relevant if the facts of the confrontation were different — for example, if the alleged victim had threatened the defendant with a loaded pistol — they are particularly relevant here where the deadly force alleged by the defendant is that the alleged victim swung a broom at her head. These unique facts bear upon the reasonableness of the defendant's fear of the alleged victim. *See* 40A AM. JUR. 2D *Homicide* § 282, at 131-32 (1999).

█ Thus, we conclude that there exists a sufficient logical connection between the defendant's prior conduct and the charged conduct, and that the evidence is relevant for a purpose other than to prove the defendant's propensity to act violently toward the alleged victim. *Cf. Lesnick*, 141 N.H. at 124-28, 677 A.2d at 689-92. Under these circumstances, we conclude that the trial court abused its discretion in ruling that evidence of the defendant's prior violent conduct was irrelevant for a purpose other than propensity. Because we decide this issue pursuant to Rule 404(b), we decline to address the defendant's ripeness argument as it is moot.

### B

The State next argues that the trial court erred in conducting its analysis under the third prong of Rule 404(b). Under this prong, prior bad act evidence is admissible if "the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *Lesnick*, 141 N.H. at 127, 677 A.2d at 691 (quotation omitted). We will consider whether such evidence would have a "great emotional impact upon a jury and have great[] potential for appealing to a juror's sense of resentment or outrage," and the extent to which the issue on which it is offered "is established by other evidence, stipulation, or inference." *Id.* (quotation omitted). To prevail, the State must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of its case. *Id.*

> The United States Supreme Court has noted that "extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." Because of the critical nature of such

evidence, courts have noted that while evidence of a prior offense or bad act is always prejudicial, the "prejudice is frequently outweighed by the relevancy of the evidence when a defendant's knowledge or intent is a contested issue in the case."

*State v. Gruber*, 132 N.H. 83, 90, 562 A.2d 156, 160 (1989) (citations omitted).

We conclude that evidence of the defendant's prior assaults against the alleged victim is highly probative of the defendant's state of mind during the stabbing. Given that the defendant has filed a notice of self-defense, the State will bear the burden of disproving the self-defense claim beyond a reasonable doubt. *See* RSA 626:7 I(a) (1996). Yet, the defendant is the only surviving witness to the incident, and there is no other evidence likely to reveal the defendant's state of mind. *See Lesnick*, 141 N.H. at 127-28, 677 A.2d at 691.

█ Further, the nature of the prior bad acts is not inflammatory or particularly likely to invoke a juror's sense of outrage. *See id.* at 124, 127, 677 A.2d at 689, 691 (finding that evidence that the defendant had previously smashed the victim's car windows, threw a candlestick at him, stabbed him in the back of the neck, and threw a knife at him was not overly prejudicial in second degree murder trial for stabbing). We conclude, therefore, that the trial court's ruling was an abuse of discretion to the prejudice of the State's case. By this ruling, however, we do not intend to preclude the defendant prior to trial from seeking exclusion of the circumstances surrounding any of the three assaults.

We do not address the clear proof prong of Rule 404(b) as the trial court's decision addresses only the first and third prongs of the Rule 404(b) analysis. Because we reverse the trial court's decision regarding the defendant's prior conduct, we decline to address the State's remaining arguments on this issue.

*Affirmed in part; reversed in part; and remanded.*

GROFF and MOHL, JJ., superior court justices, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.