Strafford
No. 99-687

THE STATE OF NEW HAMPSHIRE

v.

KENNETH WEST

September 11, 2001

*Philip T. McLaughlin*, attorney general (*Ann M. Rice*, senior assistant attorney general, on the brief and orally), for the State.

*Desfosses Professional Association*, of Portsmouth (*Sven D. Wiberg* on the brief and orally), for the defendant.

DUGGAN, J. The defendant appeals his conviction by a jury of six counts of felonious sexual assault. *See* RSA 632-A:3 (1996) (amended 1997). He contends that the Superior Court (*Mohl*, J.) erroneously admitted his confessions and evidence of uncharged sexual assaults. We affirm.

The defendant was indicted in Strafford County for six assaults, which allegedly occurred when the victim was between thirteen and fifteen years old. *See* RSA 632-A:3. One assault was alleged to have occurred in a tent in the backyard of the victim's Barrington home. Another was alleged to have occurred in the victim's bedroom in Barrington, and four assaults were alleged to have occurred at the home of the defendant's parents in Rochester. At trial, the defendant admitted to molesting the victim, but asserted that he did so in Rockingham County, and not in Strafford County as alleged in the indictments.

The defendant first argues that the trial court erroneously admitted testimony concerning his confessions to his mother and to

the victim's mother. In response to leading questions, both mothers testified that the defendant admitted that he molested the victim. He contends that these admissions were evidence of other bad acts and thus inadmissible under New Hampshire Rule of Evidence 404(b).

"The admissibility of evidence is a matter within the trial court's broad discretion, and we will not upset the court's ruling absent an abuse of that discretion. To show an abuse of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Warren*, 143 N.H. 633, 636 (1999) (quotations and citation omitted).

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"[E]vidence of other bad acts is inadmissible unless it is relevant for a purpose other than to prove the defendant's character or disposition, there is clear proof the defendant committed the other acts, and the prejudice to the defendant does not substantially outweigh the probative value of the evidence." *State v. Dukette*, 145 N.H. 226, 229 (2000) (quotation omitted).

█ Rule 404(b) does not apply to the challenged testimony. The testimony of both the victim's mother and the defendant's mother was generic and revealed no specific "bad acts" other than those for which the defendant was on trial. Neither testified that the admission pertained to any assaults other than those for which the defendant was charged. Their testimony revealed to the jury no more than what the defendant, through counsel, admitted in his opening statement: "[W]e're not here to tell you that [the defendant] didn't molest [the victim]. He did. . . . It happened. He did admit it to [the victim's mother]. And he did admit it to his own mother." Although it was highly prejudicial, as the trial court noted, "one cannot . . . find more probative evidence than a defendant's confession." We agree with the trial court that whether the confessions referred to the Rockingham County or Strafford County assaults was a factual matter for the jury to determine. *Cf. State v. Jones*, 125 N.H. 490, 494 (1984) (whether defendant did not sign confession because it was untrue was factual issue for jury to

decide). Under these circumstances, the trial court's decision to admit the confessions was not an abuse of discretion.

The defendant next argues that the trial court erroneously admitted evidence of uncharged assaults. He contends that the following testimony was objectionable:

Q Did [the defendant] assault you more than once in Portsmouth at his home?

A Yes.

. . . .

Q During the time that you knew [the defendant] from six until you were — until this day, was there anyplace [*sic*] where the defendant was living that he did not sexually assault you?

A No.

Q How often would the defendant sexually assault you?

A Every time I was with him.

Q How often were you with him?

A About every other weekend, or every weekend.

Q What are some of the places where the defendant has sexually assaulted you?

A The towns?

Q The towns, please.

A Hampton, Portsmouth, Rochester, Barrington, Nottingham.

. . . .

Q [H]ow many times were you sexually assaulted by [the defendant] in the house in Rochester?

A I couldn't tell you how many times.

Q Was it more than once?

A Yes, it was.

Q Was it more than 10?

A Yes, it was.

Q Was it more than 20?

A I don't know. It just happened all the time.

 The defendant never objected to this testimony at trial and his failure to do so is fatal to his claim on appeal. "The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. McMinn*, 141 N.H. 636, 642 (1997) (quotation omitted). "This rule, which is based on common sense and judicial economy, recognizes that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court." *Id.* (quotations and citations omitted).

The defendant also argues that admission of the following testimony was erroneous:

Q Where would [the defendant]'s parents have been when things would occur?

A Sometimes they'd be gone and sometimes they'd be sleeping.

. . . .

Q Would [the defendant]'s parents be awake and up and about in the house every time you and [the defendant] came home to stay the night at his parents' house?

A No.

Q And how about in the morning when you got up, would his parents always be there and awake when you [and the defendant] got up in the mornings?

A No.

. . . .

Q Were you only at the defendant's house at Rochester at night?

A No.

. . . .

Q What other times of day would you be over at the defendant's house other than nighttime?

A In the morning, in the afternoon.

In response to this testimony, the defendant moved for a mistrial, which the trial court ·denied.

Mistrial is the proper remedy only if the testimony complained of "was not merely improper, but also so prejudicial that it constitutes an irreparable injustice that cannot be cured by jury instructions." *State v. Giordano*, 138 N.H. 90, 94 (1993) (quotation omitted). "Because the trial court has the optimal vantage point for measuring prejudicial effect, we will not overturn its decision on whether a mistrial or other remedial action is necessary absent an abuse of discretion." *State v. Pandolfi*, 145 N.H. 508, 512 (2000) (quotations omitted). We find no abuse of discretion here.

■ The defendant contends that this testimony unambiguously conveyed that the assaults in his parents' home occurred on more than one occasion. We agree with the trial court that the testimony in question was ambiguous. Moreover, it was cumulative and thus not prejudicial. *See State v. Drew*, 137 N.H. 644, 648-49 (1993). The jury had already been informed that the assaults occurred on more than one occasion, when, without objection, the victim testified that he was with the defendant nearly every weekend from the time that he was six until the trial, and that the defendant assaulted him on every occasion that they were together.

Although the defendant makes passing reference to constitutional claims, he neither included these claims in his notice of appeal nor argued them below. We thus deem them waived. *See State v. Merritt*, 143 N.H. 714, 722 (1999); *State v. McAdams*, 134 N.H. 445, 446 (1991). Also waived are any issues raised in the defendant's notice of appeal but not addressed in his brief. *See State v. Dorval*, 144 N.H. 455, 458 (1999).

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.