NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports.  Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Coos
No. 2021-0360

THE STATE OF NEW HAMPSHIRE

v.

JEFFREY WOODBURN

Argued: October 18, 2022
Opinion Issued: March 23, 2023

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Joshua L. Speicher, assistant attorney general, on the brief and orally), for the State.

Jeffrey Woodburn, self-represented party, on the brief and orally.

BASSETT, J.  The defendant, Jeffrey Woodburn, was convicted on one count of domestic violence, RSA 631:2-b, I(b) (2016), one count of simple assault, RSA 631:2-a, I(b) (2016), and two counts of criminal mischief, RSA 634:2, I, III (2016) (amended 2020), following a jury trial in the Superior Court (Bornstein, J.).  On appeal, he has adequately developed challenges to only the

domestic violence and simple assault convictions.[1]  He argues that the trial court erred when it refused to instruct the jury on the issue of self-defense.  He also asserts that the trial court erroneously excluded evidence of the complainant's alleged prior acts of aggression against him, arguing that the evidence was admissible under either New Hampshire Rule of Evidence 404(b) or the verbal completeness and opening-the-door doctrines.  Because we agree with the defendant that the court's failure to give a self-defense instruction was error, we reverse his convictions for domestic violence and simple assault, affirm his criminal mischief convictions, and remand.

The jury could have found the following facts.  The defendant and the complainant were in a romantic relationship from approximately August 2015 to July 2018.  The final year of their relationship was marked by frequent conflict.  As relevant to this appeal, on December 15, 2017, the defendant and the complainant had an argument while driving to Jefferson from a holiday party in Lancaster.  The complainant was driving.  At some point during the disagreement, the defendant stated that he wanted to get out of the car.  The complainant pulled the car over on a dirt road, and the defendant stated that he was getting out and that he was going to call his friend to come pick him up.  In response, the complainant reached for the defendant's cell phone and a "tug of war" ensued.  The defendant then bit the complainant on her left hand, which caused her to release the phone.

The defendant was charged with one count of simple assault and one count of domestic violence as alternative charges arising from this incident.  Prior to trial, the defendant filed a notice of defense, which stated that he intended to rely on the defense of self-defense pursuant to RSA 627:4 (2016).  In the notice, the defendant asserted:

> The evidence at trial will show that the [complainant] repeatedly tried to block and/or restrain [the defendant] from leaving her . . . and that any force that [the defendant] used against [the complainant] was necessary for him to use in order to either leave or attempt to leave a volatile situation created by [the complainant].

---

[1] We construe this appeal as challenging only the simple assault and domestic violence convictions.  Although, in his brief, the defendant requests that we reverse all of his convictions, he briefed issues related only to an incident that occurred on December 15, 2017.  The simple assault and domestic violence convictions arose from this incident.  The criminal mischief convictions, however, did not.  Therefore, to the extent the defendant seeks to appeal his criminal mischief convictions, his arguments are not sufficiently developed for appellate review.  See State v. Blackmer, 149 N.H. 47, 49 (2003).  Accordingly, we affirm the defendant's criminal mischief convictions.

At trial, the complainant, the defendant, and several other witnesses testified.  On several occasions, the court excluded evidence of the complainant's alleged prior aggressive conduct towards the defendant, including evidence that she had tried to block or restrain him from leaving her during previous conflicts.  The defendant argued that this evidence was relevant to his theory of self-defense.

After the defendant's testimony, but before the close of evidence, the trial court heard arguments on the defendant's request for a jury instruction on self-defense.  The court denied the request, concluding that there was "no evidence that would support a rational finding . . . that the Defendant was acting in self-defense."  It reasoned: "[T]here's no evidence that implicates the mental processes and actions that are necessary to entitle somebody to an instruction on self-defense.  There's no evidence as to what his state of mind was when he committed those acts. . . .  He doesn't even remember doing these things."  The jury convicted the defendant of the simple assault and domestic violence charges stemming from the December 15, 2017 incident.  This appeal followed.

The defendant first argues that the trial court erred when it denied his request for a self-defense jury instruction.  The State raises two threshold arguments in response.  It first asserts that the defendant was not entitled to a self-defense instruction because his request for the instruction was based upon his "theory of the case," not a "theory of defense."  A "theory of the case" is simply the defendant's position on how the evidence should be evaluated and interpreted.  State v. Cavanaugh, 174 N.H. 1, 11 (2020).  By contrast, a "theory of defense" is akin to a civil plea of confession and avoidance, by which the defendant admits the substance of the allegation but points to facts that excuse, exonerate, or justify his actions such that he thereby escapes liability.  Id.  A trial court must instruct a jury on a theory of defense, but need not instruct a jury on a defendant's theory of the case.  Id.  The State contends that, because the defendant asserted only a "theory of the case," the trial court did not err in denying his requested instruction.  We disagree.

The defendant asserted a true theory of defense: he admitted to the charged conduct — biting the complainant — and sought to justify his behavior by demonstrating that he was defending himself against the complainant's efforts to confine him.  See, e.g., State v. Noucas, 165 N.H. 146, 156 (2013) (defendant not entitled to defense of another instruction because he "did not admit to any of the facts alleged in the indictment").  The State argues that this was a mere "theory of the case" because the defendant presented a different version of events than the complainant.  Although it is true that a defendant may not be entitled to a jury instruction on a specific defense when the

defendant "present[s] an entirely different factual scenario for the jury to evaluate," State v. Ramos, 149 N.H. 272, 274 (2003), that was not the case here. The defendant's and the complainant's accounts, although differing in some details, were consistent with respect to the charged conduct.

The State also argues, as a threshold matter, that the defendant did not preserve the specific argument that he raises on appeal regarding his entitlement to a self-defense instruction. On appeal, the defendant posits a confinement theory of self-defense: Due to the location and weather, it would have been dangerous for him to leave the car without his phone, and, therefore, the complainant's attempts to take his phone constituted attempted confinement. Accordingly, he argues that his efforts to retrieve his phone, including biting the complainant, were done to defend himself. The State asserts that the defendant did not raise this "dangerous conditions" argument in the trial court, nor did he present evidence of the dangerous conditions that night.

The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in his appellate brief before the trial court. State v. McInnis, 169 N.H. 565, 573 (2017). The purpose of this preservation rule "is to afford the trial court an opportunity to correct any error it may have made." Id. at 574 (quotation omitted). Therefore, we will find an argument preserved only if the trial court had "the opportunity to consider that legal issue or the development of facts that might or might not have supported" the specific argument raised on appeal. State v. Brum, 155 N.H. 408, 417 (2007) (quotation omitted).

We are satisfied that the defendant raised the specific argument that he now advances on appeal: that, given the circumstances, it was too dangerous for him to leave the car without his phone. Before trial, the defendant raised his "confinement" theory of self-defense in his notice of defense — that the force he used was necessary to escape a "volatile situation" created by the complainant. Defense counsel raised this theory at multiple points during trial, including by arguing to the trial court that, "what's going [on] in [the defendant's] mind [was] . . . . How do I get out of the car without hurting me, without hurting her, and getting away from her on the side of the road in the winter and try to keep my phone at least?" Moreover, the trial court heard evidence in support of this argument: The defendant testified that the incident occurred in December in northern New Hampshire and that it would have been "a long walk to anything" from the dirt road where the complainant stopped the car. He also testified that he "needed" his phone so that he could call someone to pick him up "to get out of that situation." Based on the notice of defense, defense counsel's arguments at trial, and the defendant's testimony, we

4

conclude that the trial court had the opportunity to consider the specific self-defense argument the defendant now raises.  See Brum, 155 N.H. at 417.

We now turn to the merits of the defendant's argument that the trial court erred when it failed to give a self-defense instruction.  The parties disagree as to the proper standard of review.  The State argues that we should apply our unsustainable exercise of discretion standard.  See Cavanaugh, 174 N.H. at 7.  The defendant, relying on State v. McMinn, 141 N.H. 636 (1997), asserts that the court's failure to instruct the jury on self-defense is "reversible error."  See McMinn, 141 N.H. at 644-45 (concluding that trial court erred when it refused to instruct jury on self-defense theory and reversing conviction without considering whether the trial court's failure to give the instruction was untenable or unreasonable to the prejudice of the defendant's case); State v. Hast, 133 N.H. 747, 749-50 (1990) (same).  We need not, however, decide the proper standard of review in this case because the defendant prevails under either standard.  We therefore apply our unsustainable exercise of discretion standard of review, which is more deferential to the trial court and less favorable to the defendant.  To meet this standard, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case.  Cavanaugh, 174 N.H. at 14.

A trial court must grant a defendant's requested jury instruction on a specific defense, such as self-defense, if there is "some evidence" to support a rational finding in favor of it.  Id. at 7 (quotation omitted).  By "some evidence," we mean that there must be more than a minutia or scintilla of evidence.  See id.  The evidentiary support need not be overwhelming.  McMinn, 141 N.H. at 645.  "[O]ur function in reviewing the trial court's refusal to provide a requested self-defense instruction is to search the record for evidence supporting the defendant's request."  Id. at 646 (quotation and brackets omitted).

Subject to exceptions not applicable here, RSA 627:4, I, provides that "[a] person is justified in using non-deadly force upon another person in order to defend himself . . . from what he reasonably believes to be the imminent use of unlawful, non-deadly force by such other person."  The defendant "may use a degree of such force which he reasonably believes to be necessary for such purpose."  Id.  A belief that is unreasonable, even though honest, will not support the defense.  State v. Vassar, 154 N.H. 370, 374 (2006).

"Non-deadly force" is defined, in relevant part, as "any assault or confinement which does not constitute deadly force."  RSA 627:9, IV (2016) (emphasis added); see also RSA 627:9, II (2016) (defining "[d]eadly force" as "any assault or confinement which the actor commits with the purpose of causing or which he knows to create a substantial risk of causing death or

5

serious bodily injury"). Although "confinement" is not defined in RSA 627:9, we have previously interpreted it in the context of that statute to mean "'the act of confining or state of being confined; restraint within limits.'" State v. Furgal, 164 N.H. 430, 435 (2012) (quoting Webster's Third New International Dictionary 476 (unabridged ed. 2002)). Accordingly, we review the record for evidence that the defendant reasonably believed that the complainant posed an imminent threat of restraining him from exiting the car. See RSA 627:4, I; RSA 627:9, IV; State v. Chen, 148 N.H. 565, 570 (2002).

The State asserts that the record does not meet the "some evidence" threshold because it lacks any "evidence relating to [the defendant's] state of mind" and the evidence does not "explain why he committed" the charged acts. The State also contends that the evidence is insufficient because the defendant failed to present any evidence about what was going through his mind at the moment he bit the complainant. We are not persuaded.

To meet the "some evidence" threshold, it was not necessary for the defendant to testify regarding his thought process at the exact moment of the charged conduct. Rather, "[a] defendant's intent often must be proved by circumstantial evidence and may be inferred from the defendant's conduct under all the circumstances." State v. Vincelette, 172 N.H. 350, 354 (2019). In this case, the jury could reasonably infer that the defendant bit the complainant in order to escape the complainant's attempted confinement. The defendant testified that, when he and the complainant were arguing, he started to feel "a sense of claustrophobia." He also felt "panicky," like he "was drowning," and that he "had to get away from her." He testified that when he asked the complainant to stop the car, she initially refused to do so, and she did not stop the car until he grabbed the steering wheel. He testified that there then "came a tug of war for the phone." During the struggle, he used both of his hands to twist and pry in an attempt to get the phone, but the complainant "wouldn't let go." The defendant explained that "panic was . . . overcoming [him]" and that he "just wanted [his] phone. . . . [He] wanted to call, you know, [his friend] or somebody to come get [him], and . . . that's what [he] needed to . . . get out of that situation." He also admitted to biting the complainant, which caused the complainant to let go of the phone and enabled him to exit the vehicle.

Moreover, the record contains evidence that the complainant had previously interfered with the defendant's freedom of movement and that those past experiences informed his state of mind at the time of the charged offenses. See State v. Hayward, 166 N.H. 575, 580 (2014) ("Evidence that an individual has been the victim of past violent acts may be relevant to explain that individual's present behavior."). The defendant testified that, when conflict

6

arose between him and the complainant, he would often use the strategy of retreating from the encounter in an attempt to deescalate the conflict. He further testified that "there was a constant problem of me trying to leave when things got too hot, and [the complainant] blocking me, preventing me." Concerning the impact of these experiences, the defendant testified, "[I]t doesn't just go away; it stays in the mind and it is part of my psyche as I tried to negotiate [with] this person." The defendant's testimony established "some evidence" of his belief that, by trying to take possession of his phone, the complainant was attempting to confine him in the car and that it was necessary for him to respond to that threat by biting her.

The State also argues that there was insufficient evidence that the defendant's belief that the complainant was attempting to confine him was reasonable under the circumstances. We disagree. The incident occurred on December 15 while the defendant and the complainant were driving from Lancaster to Jefferson following a holiday party. In addition, the defendant testified that the complainant stopped the car on a dirt road and that it would have been "a long walk to anything from there." These circumstances provide "more than a scintilla" of evidence that it was reasonable for the defendant to believe that the complainant's attempt to take possession of his phone was an effort to confine him in the vehicle.

Nonetheless, the State asserts that there was insufficient evidence that it was reasonable for the defendant to believe he was being confined because he testified that he would have gotten out of the car even if he had been unable to secure his cell phone. The testimony the State relies upon is as follows:

> [Defense Counsel:] If you lost that tug of war over the phone, would you still have gotten out of the car in December by yourself on the side of the road?

> [Defendant:] Absolutely. I mean, . . . yeah. That was my . . . goal was to get out of the car. . . . I felt not having the phone was . . . a problem. And it's a long walk to anything from there.

In the first instance, we do not agree with the State that this testimony, fairly read, necessarily undermines the notion that the defendant's belief was reasonable. The jury could have interpreted this testimony as merely emphasizing how threatened the defendant felt. To the extent that, as the State contends, this testimony can be construed as contradicting other testimony supporting the self-defense instruction, any inconsistency was for the jury to reconcile, not the trial court. See State v. Haycock, 146 N.H. 5, 11 (2001). Because the "some evidence" standard does not require that the

evidence presented by the defendant be uncontradicted, we are unpersuaded by the State's argument.  See id.; Cavanaugh, 174 N.H. at 9 (concluding that there was "some evidence" to support self-defense theory even though "the evidence was conflicting").

In sum, we conclude that, because the record contains "some evidence" supporting a rational finding that the defendant acted in self-defense, the trial court's refusal to instruct the jury on that theory of defense was unreasonable. We next consider whether the defendant has proven that this error prejudiced him.  See Cavanaugh, 174 N.H. at 14.  In the absence of a self-defense instruction, the jury was unaware that, although the defendant admitted to the charged conduct, it could find him not guilty if his conduct was justified self-defense.  Therefore, the lack of a self-defense instruction prejudiced the defendant by making it more likely that the jury would return a guilty verdict than would have been the case if the jury had been properly instructed on the issue of self-defense.  See State v. Rice, 169 N.H. 783, 795-97 & n.6 (2017) (defendant proved he was prejudiced by court's failure to include specific language in self-defense instruction because, without the language, there was a "significantly greater risk" that the jury would make an unfavorable finding). We conclude that the trial court unsustainably exercised its discretion when it refused to instruct the jury on self-defense, see Cavanaugh, 174 N.H. at 7, 14, and, accordingly, we reverse the defendant's convictions for simple assault and domestic violence.

Given that we are reversing these convictions, we need not address the defendant's other appellate arguments.  However, because the admissibility of evidence of the complainant's prior aggressive conduct towards the defendant under New Hampshire Rule of Evidence 404(b) is likely to arise on remand, we address it.  See State v. Munroe, 173 N.H. 469, 478 (2020).  We decline to address the defendant's arguments that this same evidence is admissible under either the doctrine of verbal completeness or the opening-the-door doctrine because those evidentiary issues may not reoccur on remand in the same way as presented in this appeal.

The defendant argues that the trial court erred when it excluded testimony by the complainant, himself, and another defense witness regarding the complainant's prior aggressive acts against him.  Relying on Vassar and Hayward, the defendant contends that evidence of the complainant's prior aggressive acts was relevant to his state of mind — whether he reasonably believed the complainant was attempting to confine him — and therefore it was admissible under Rule 404(b).  See Hayward, 166 N.H. at 580; Vassar, 154 N.H. at 375-76; N.H. R. Ev. 404(b).

8

We review the trial court's exclusion of evidence for an unsustainable exercise of discretion. See Hayward, 166 N.H. at 580. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In State v. Dukette, 145 N.H. 226, 230-31 (2000), we held that a defendant's state of mind is one of the "other purposes" for which "other crimes, wrongs, or acts" may be admissible under Rule 404(b) in a self-defense case. Then, in Vassar, we explained that evidence of a complainant's prior acts known to a defendant claiming a justification defense may be admissible under Rule 404(b) if such acts are relevant to the defendant's state of mind. Vassar, 154 N.H. at 375-76. To ensure that prior bad acts are relevant for a non-propensity purpose, the proponent of the evidence must demonstrate "a sufficient logical connection between the prior acts and the defendant's state of mind at the time of the charged conduct." Dukette, 145 N.H. at 230; see State v. Douthart, 146 N.H. 445, 447 (2001) ("The proponent of bad acts evidence bears the burden of demonstrating its relevance." (quotation and ellipsis omitted)). The temporal proximity, or remoteness, between the prior acts and the charged offense is one factor for the court to consider in determining whether a sufficient logical connection exists. See Dukette, 145 N.H. at 230; see also Hayward, 166 N.H. at 580-81 (concluding trial court erred in excluding evidence of co-defendant's prior threats and violence as too remote in time to be relevant to defendant's duress defense).

The trial court ruled that, because the defendant failed to present any evidence of his state of mind at the moment he bit the complainant, he could not establish the necessary logical connection between the complainant's prior acts and his state of mind at the time of the conduct at issue. Even assuming, without deciding, that a defendant must present some affirmative evidence of his state of mind at the time of the charged offense in order to make prior acts of the complainant relevant, we conclude, as described in detail above, that the defendant did so in this case. Accordingly, on remand, the court should consider whether any prior acts of aggression by the complainant sought to be admitted by the defendant are logically connected to the defendant's state of mind at the time of the charged offenses such that they may be admitted for a non-propensity purpose. See Dukette, 145 N.H. at 230; N.H. R. Ev. 404(b).

In summary, we conclude that the trial court unsustainably exercised its discretion when it denied the defendant's request for a self-defense jury

9

instruction.  We therefore reverse the defendant's convictions for simple assault and domestic violence, affirm his convictions for criminal mischief, and remand for a new trial.  Issues raised in the notice of appeal, but not briefed, are deemed waived.  See State v. Houghton, 168 N.H. 269, 274-75 (2015).

Reversed in part; affirmed in part; and remanded.

HANTZ MARCONI, and DONOVAN, JJ., concurred.